**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**2500 Tulare Street**
**Fresno, CA 93721**

United States District Court, Northern District of California
Phillip Burton United States Courthouse
P.O.Box 36060, 450 Golden Gate Avenue
San Francisco, CA 94102-3489

**C 07 3231**

**MMC**

**(PR)**

**RE:** **WILLIAM G. OLDRIGHT vs. B CURRY**
**USDC No.:** **1:07-CV-00841-AWI-SMS**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated June 14, 2007 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 4.**

Documents maintained electronically by the district court are accessible through PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**June 14, 2007** /s/ **M. Rooney**

Deputy Clerk

RECEIVED BY: ______________________

Please Print Name

DATE RECEIVED: ______________________

NEW CASE NUMBER: ______________________

I hereby attest and certify on 6-14-07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By [signature] Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM OLDRIGHT,

Petitioner,

vs.

B. CURRY, Warden,

Respondent.

______________________________/

1:07-cv-00841-AWI-SMS (HC)

ORDER OF TRANSFER

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a parole decision from Monterey County, which is in the Northern District of California. Petitioner is incarcerated at the Correctional Training Facility in Soledad, California, also in the Northern District. Therefore, the petition should have been filed in the

CLOSED, HABEAS

**U.S. District Court**
**Eastern District of California - Live System (Fresno)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-00841-AWI-SMS**
**Internal Use Only**

(HC) Oldright v. Curry
Assigned to: Judge Anthony W. Ishii
Referred to: Magistrate Judge Sandra M. Snyder
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/11/2007
Date Terminated: 06/14/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**William G. Oldright** represented by **William G. Oldright**
H-14131
CORRECTIONAL TRAINING FACILITY (CTF-2)
P.O. BOX 689
CENTRAL
SOLEDAD, CA 93960-0689
PRO SE

I hereby attest and certify on 6-14-07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By [signature] Deputy

V.

**Respondent**

**B Curry**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2007 | 1 | (2254) PETITION for WRIT of HABEAS CORPUS, filed by William G. Oldright.(Esteves, C) (Entered: 06/12/2007) |
| 06/11/2007 | 2 | CERTIFICATE OF FUNDS IN PRISONER'S ACCOUNT, filed by William Oldright. (Esteves, C) (Entered: 06/12/2007) |
| 06/11/2007 | | RECEIPT number 100 205036 for $5.00 for Habeas Corpus Petition Filing Fee, from State of California for William Oldright. (Esteves, C) (Entered: 06/12/2007) |
| 06/12/2007 | | (Court only) ***STAFF NOTE: Case screened, transfer order to Northern District submitted to SMS/cd. (Esteves, C) (Entered: 06/12/2007) |
| 06/14/2007 | 3 | ORDER, CASE TRANSFERRED to District of USDC, Northern District of California; original file, certified copy of transfer order, and docket |

| | | |
|---|---|---|
| | | sheet sent; CASE CLOSED; order signed by Judge Sandra M. Snyder on 6/13/07. (Rooney, M) (Entered: 06/14/2007) |
| 06/14/2007 | 4 | TRANSMITTAL of DOCUMENTS re 3 Order, Terminate Deadlines and Hearings, Case Transferred Out to Another District, Terminate Civil Case on *6/14/2007* to * United States District Court, Northern District of California* *Phillip Burton United States Courthouse* *P.O.Box 36060, 450 Golden Gate Avenue* *San Francisco, CA 94102-3489*. *Electronic Documents: 1 to 4. *. (Rooney, M) (Entered: 06/14/2007) |
| 06/14/2007 | | SERVICE BY MAIL: 3 Order, Terminate Deadlines and Hearings, Case Transferred Out to Another District, Terminate Civil Case served on William G. Oldright. (Rooney, M) (Entered: 06/14/2007) |

E-filing

ORIGINAL

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District EASTERN | |
|---|---|---|
| Name WILLIAM OLDRIGHT | Prisoner No. H-14131 | Case No. C 07 3231 MMC (PR) |
| Place of Confinement CORRECTIONAL TRAINING FACILITY, P.O. BOX 689, SOLEDAD, CA 93960-0689 | | |

Name of Petitioner (include name under which convicted): WILLIAM OLDRIGHT v. Name of Respondent (authorized person having custody of petitioner): B. CURRY, WARDEN (A), et al

The Attorney General of the State of: CALIFORNIA 1:07CV-841 AWI SMS HC

## PETITION

1. Name and location of court which entered the judgment of conviction under attack KERN COUNTY SUPERIOR COURT, 1415 TRUXTON AVENUE, BAKERSFIELD, CA 93301-4172

2. Date of judgment of conviction 10-17-1991

3. Length of sentence 18 years to life

4. Nature of offense involved (all counts) Second-degree murder with use of a firearm.

FILED
JUN 11 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court   FIFTH DISTRICT COURT OF APPEAL IN AND FOR THE STATE OF CALIFORNIA

(b) Result   JUDGEMENT AFFIRMED – APPEAL DENIED

(c) Date of result and citation, if known   UNKNOWN

(d) Grounds raised   UNKNOWN

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   CALIFORNIA SUPREME COURT

(2) Result   DENIED

(3) Date of result and citation, if known   UNKNOWN

(4) Grounds raised   UNKNOWN

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court   SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF KERN

(2) Nature of proceeding   PETITION FOR WRIT OF HABEAS CORPUS

(3) Grounds raised   DENIAL OF LIBERTY INTEREST RESULTING IN DUE PROCESS VIOLATIONS

1. BOARD'S CONTINUAL USE OF UNCHANGING FACTORS OF THE CRIME.

AO 241   (Rev. 5/85)

2. BOARD'S DEMAND THAT PETITIONER ADMIT TO THEIR VERSION OF THE CRIME.

3. BOARD'S RULING ON NEED FOR THERAPY IN CONTRADICTION OF PSYCHOLOGICAL

EVALUATIONS.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result   PETITION DENIED

(6) Date of result   3/09/06

(b) As to any second petition, application or motion give the same information:

(1) Name of court   FIFTH DISTRICT COURT OF APPEAL IN AND FOR THE STATE OF CALIF.

(2) Name of proceeding   PETITION FOR WRIT OF HABEAS CORPUS

(3) Grounds raised DENIAL OF LIBERTY INTEREST RESULTING IN DUE PROCESS VIOLATIONS
THROUGH UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE
1. BOARD'S CONTINUAL USE OF UNCHANGING FACTORS OF THE CRIME.

2. BOARD'S DEMAND THAT PETITIONER ADMIT TO THEIR VERSION OF THE CRIME.

3. BOARD'S RULING ON NEED FOR THERAPY IN CONTRADICTION OF PYSHOLOGICAL

EVALUATIONS.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒
(5) Result   PETITION DENIED

(6) Date of result   October 12, 2006

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒   No ☐
(2) Second petition, etc.       Yes ☐   No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.   State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIAL OF LIBERTY INTEREST RESULTING IN DUE PROCESS VIOLATIONS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

Supporting FACTS (state *briefly* without citing cases or law): PETITIONER WAS DENIED PAROLE BASED UPON THE UNCHANGING FACTORS OF HIS SECOND DEGREE MURDER CONVICTION AT HIS THIRD PAROLE SUITABILITY HEARING. THE DECISION WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE RECORD AND AT THE HEARING.

PLEASE SEE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

B. Ground two: PETITIONER'S DUE PROCESS WAS VIOLATED WHEN THE BOARD DEMANDED THAT HE ADMIT GUILT TO A MORE EGREGIOUS OFFENSE.

Supporting FACTS (state *briefly* without citing cases or law): THE BOARD RULED THAT PETITIONER HAD TO ACCEPT RESPONSIBILITY [FOR] AND GAIN INSIGHT [INTO] THEIR VERSION OF THE OFFENSE EVEN THOUGH THE BOARD'S VERSION OF WHAT HAPPENED IS MORE EGREGIOUS THAN WHAT THE JURY CONCLUDED.

PLEASE SEE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

AO 241 (Rev. 5/85)

C. Ground three: VIOLATION OF DUE PROCESS THROUGH AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED.

Supporting FACTS (state *briefly* without citing cases or law): THE BOARD IGNORED THE EXPERT TESTIMONY OF THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND SUBSTITUTED THEIR OWN OPINION IN ASSESSING RISK, REMORSE AND INSIGHT IN VIOLATION OF THEIR OWN REGULATIONS. THE BOARD'S DECISION WAS COMPLETELY CONTRARY TO THE RECORD BEFORE THEM.

PLEASE SEE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

D. Ground four: ______________________

Supporting FACTS (state *briefly* without citing cases or law): ______________________

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ______________________

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☒ XX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing ______________________

(b) At arraignment and plea ______________________

AO 241 (Rev. 5/85)

(c) At trial Timothy J. Lemucchi, 918 Truxtun Ave. P.O. Box 2171, Bakersfield. California, 93303-2171

(d) At sentencing Same as above

(e) On appeal Jim Fahey, P.O. Box 4956, Arcata, California, 95518-4956

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4-22-2007
Date

William Oldright
Signature of Petitioner



WILLIAM OLDRIGHT H-14131
P.O. BOX 689 BW-104L
SOLEDAD, CA 93960-0689

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT

WILLIAM OLDRIGHT
PETITIONER

-V-

A.P. KANE, WARDEN, et al
RESPONDENT

Case No.
EVIDENTIARY HEARING REQUESTED

MEMORANDUM OF POINTS AND AUTHORITIES

TABLE OF CONTENTS

| | Page |
|---|---|
| COVER | 1 |
| TABLE OF CONTENTS | 2 |
| TABLE OF AUTHORITIES | 3-6 |
| INTRODUCTION | 7-13 |
| ARGUMENT I | 13-17 |
| THE BOARD'S CONTINUAL USE OF UNCHANGING FACTORS SUCH AS THE GRAVITY OF THE OFFENSE AS THE PRIMARY REASON TO DENY PAROLE IS A VIOLATION OF PETITIONER'S LIBERTY INTEREST IN PAROLE AND DUE PROCESS RIGHTS AS PROTECTED BY THE 5TH AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION IGNORING THE EVIDENCE OF HIS REHABILITATIVE PROGRAMMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR WHILE IN PRISON. | |
| A. Introduction | 13-14 |
| B. The Board's Decision to Deny Parole Was Not Supported by Evidence Having an Indicia of Reliability. | 14-15 |
| C. The Board Demonstrates Systematic Bias in Their Decision making, by Denying Grants of Parole to 90% of Appearing Inmates Finding Each Denied Inmate's Crime to be Particularly Egregious. | 15-17 |
| ARGUMENT II | 17-19 |
| THE BOARD'S FINDINGS THAT PETITIONER HAD TO ACCEPT RESPONSIBILITY [FOR] AND GAIN INSIGHT [INTO] THEIR VERSION OF THE OFFENSE IS A VIOLATION OF PC § 5011 AND CCR § 2236 AND THEREFORE AMOUNTS TO A VIOLATION OF DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION. | |
| ARGUMENT III | 19-21 |
| THE BOARD ROUTINELY IGNORES THE EXPERT OPINION OF THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND SUBSTITUTES THEIR OWN OPINION IN ASSESSING RISK, REMORSE AND INSIGHT IN VIOLATION OF THE DEPARTMENT OPERATIONS MANUAL § 62090.13 et. seq., WHICH VIOLATES DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION. | |
| CONCLUSION | 22 |
| PROOF OF SERVICE | 23 |

# TABLE OF AUTHORITIES

| | Page |
|---|---|
| **CONSTITUTIONAL AUTHORITIES** | |
| **United States Constitution 5th and 14th Amendment** | passim |
| **California Constitution Article I, Section 15** | passim |
| **FEDERAL CASE LAW** | |
| Apprendi v. New Jersey (2000) 530 U.S. 466 | passim |
| Biggs v. Terhune, (9th Cir. 2003) 334 F.3d 910 | passim |
| Blakely v. Washington , (2004) 542 U.S. 296 124 S.Ct. 2531, 159 L.Ed 403 | passim |
| Brown v. Poole (9th Cir. 2003) 337 F.3d 1155 | 8 |
| CEJA v. STEWART (9th Cir. 1996) 97 F.3d 1246 | 21 |
| Cunningham v. California (2007) __U.S.__, 127 S.Ct. 856 | passim |
| Dunn v. U.S. Parole Com'n, (10th Cir. 1987) 818 F.2d 742, 745 | 15 |
| Greenholtz v. Nebraska Penal Inmates, (1979) 442 U.S. 1 | 14 |
| Irons v. Carey (9th Cir. 2007) __ F.3d __, 2007 DJDAR 3072 | 9,11,12 |
| Jancsek v Oregon Board of Parole, (9th Cir. 1987) 833 F.2d 1389 | 10,14 |
| Martin v. Marshall, (N.D. Cal. 2006) 431 F.Supp.2d 1039 | 9 |

TABLE OF AUTHORITIES CONTINUED

| | Page |
|---|---|
| **McQuillion v. Duncan**, (9th Cir. 2002) 306 F.3d 895 | 10,14 |
| **Obremski v. Maass,** (9th Cir. 1990) 915 F.2d 418 | 8,16 |
| **Rosenkrantz v. Marshall** (C.D. Cal. 2006) 444 F.Supp.2d 1063 | 9 |
| **Sanchez v. Kane** (C.D. Cal. 2006) 444 F.Supp.2d 1049 | 9 |
| **Sellars v. Procunier,** (9th Cir. 1981) 641 F.2d 1295 | 8,16 |
| **Superintendent v. Hill** (1985) 472 U.S. 445 | 10 |
| **United States v. Paskow,** (9th Cir. 1981) 11 F.3d 873 | 16 |

**STATE CASE LAW**

| | |
|---|---|
| **In re Caswell** (2001) 92 Cal.App.4th 1017 | 21 |
| **In re Dannenberg**, (Cal. S.Ct. 2005) 34 Cal.4th 1061, 23 Cal.Rptr.3d 417 | passim |
| **In re Elkins** (2006) 50 Cal.Rptr.3d 503 | 9,10 |
| **Hornung v. Superior Court**, (2000) 81 Cal.App.4th 1095 | 8,16 |
| **In re Wen Lee**, 49 Cal.Rptr.3d 931 | 9,10,11 |

TABLE OF AUTHORITIES CONTINUED

| | Page |
|---|---|
| **In re Morrall** (2002) 102 Cal.App.4th 280 | 10,17 |
| **In re Powell** (1988) 45 Cal.3d 894 | 10 |
| **In re Ramirez**, (2001) 94 Cal.App.4th 549 | 9,11,12,17 21 |
| **In re Rosenkrantz, (2002)** 29 Cal.4th 616 | passim |
| **In re Rosenkrantz**, (2000) 80 Cal.App.4th 409 | 20 |
| **In re Scott** (2004) 119 Cal.App.4th 871 | 10 |
| **In re Scott II** (2005) 34 Cal.Rptr.3d 905 | 9 |
| **In re Sena**, (2001) 115 Cal.Rptr.2d 22 | 16 |
| **In re Earnest Smith** (2003) 114 Cal.App.4th 343 | 10,16 |
| **In re Mark Smith**, (2003) 109 Cal.App.4th 489 | 13 |
| **In re Weider** (2006) 52 Cal.Rptr.3d 147 | 10 |

TABLE OF AUTHORITIES CONTINUED

Page

PENAL CODE

| | |
|---|---|
| P.C. § 3041 | passim |
| P.C. § 5011 | 18 |
| P.C. § 5075 | 20 |

CALIFORNIA CODE OF REGULATIONS

| | |
|---|---|
| CCR § 2236 | 18 |
| CCR § 2282 | 7,16 |
| CCR § 2400 | 12 |
| CCR § 2403 | 7,16 |

DEPARTMENTAL OPERATIONS MANUAL

| | |
|---|---|
| D.O.M § 62090 | 19,20 |

INTRODUCTION

The Board of Prison Terms is violating Petitioner's State and Federal Due Process Rights when Parole Suitability determinations are not supported by "some evidence" having the necessary federally defined "indicia of reliability" and the "some evidence' standard was not correctly applied in this case.

The Board of Parole Hearings cannot deny parole to a prisoner based on the gravity, i.e. seriousness, of their commitment offense after they have served a **Penal Code §3041(a) / CCR Title 15 §2403** or **§2282** uniform term equal to the gravity of their crime, when the prisoner has been disciplinary free for over 15 years, has participated in rehabilitative type programs while in prison, has an overall positive prison program, no prior criminal conduct, and positive CDC Counselor and Psychological Evaluations.

**DUE PROCESS OF LAW REQUIRES THREE LEVELS OF REVIEW.**

The determination of Petitioner's parole suitability is protected by procedural safeguards that rise *beyond* the **Dannenberg** decision, requiring a 3 level analysis in order to ensure due process of law.

At the **first level of review**, before considering the rudimentary sufficiency of the Board's findings, the analysis must focus on the question of whether the commitment offense can even lawfully be relied on to any degree in finding Petitioner unsuitable for parole. To the extent that the Board in its decision (or the DA at the hearing) utilized terminology or elements of first-degree murder or second-degree murder with express malice to make the crime "particularly egregious," their decision violates the Apprendi**-Blakely-Cunningham** principles established by the U.S. Supreme Court. (**Apprendi v. New Jersey** (2000) 530 U.S. 466; **Blakely v. Washington** (2004) 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; and **Cunningham v. California** (2007) __U.S.__, 127 S.Ct. 856). There the Court announced rules that preclude the use of findings to take the case out of the ordinary sentencing range, here the CCR § 2403(c) Matrix, unless those findings were alleged in the information and either found true by the jury or were admitted by the defendant as part of his plea. The use of findings, by the Board, not made in the court of conviction violates the right to a jury trial.

In California, the Board, acting as an arm of the sentencing court, serves a quasi-judicial function equivalent to that of a sentencing judge in a determinate term case and is, thereby, bound by the same rules under **Apprendi–Blakely-Cunningham**. (See **Hornung v. Superior Court** (2000) 81 Cal.App.4th 1098, 1099; **Sellars v. Procunier** (9th Cir. 1981) 641 F.2d 1295, 1304; and **Obremski v. Maass** (9th Cir. 1990) 915 F.2d 418.) Thus, when the Board makes "findings of fact" that the crime was committed in an "especially callous manner", involving a "an exceptionally callous disregard for human life" and/or "the motive for the crime is trivial or inexplicable in relation to the offense", the rules of P.C. §3041 and **Apprendi–Blakely-Cunningham** are violated since the result is to remove the case from the requirement in P.C. §3041 that the Board "shall normally" set a uniform and proportional parole release date consistent with the matrix. While **In re Dannenberg**, (Cal. S.Ct. 2005) 34 Cal.4th 1061, 23 Cal.Rptr.3d 417, gives the Board the discretion to do that in appropriate cases, it is not a "blank check" to do so in the absence of findings by the jury on factual issues relied upon to justify the departure. Such a practice by the Board is clearly subterfuge to evade its duty and effect an illegal policy.

Here, an even stronger case is presented, as it is not just an absence of findings on those issues by the jury, but the jury explicitly rejected every charge having express malice (intent to kill) as an element of the commitment offense. As these findings by the Board are being used to take the case outside the normal sentence range, the **Apprendi–Blakely-Cunningham** rules require that they be submitted to the trier of fact at the time of conviction. Here, the jury's actual findings negate the existence of intent to kill, and therefore preclude the Board from reaching the decision it did.

An **Apprendi–Blakely-Cunningham** analysis is not a "some evidence" evaluation. It is a legal issue that precludes the Board from making the findings that it relies on to conclude that the crime justifies the refusal to set a parole release date. The result of a finding in favor of Petitioner on this issue is that the Board loses jurisdiction to continue to rely on the facts of the commitment offense as the basis for precluding parole. (See, e.g., **Brown v. Poole** (9th Cir. 2003) 337 F.3d 1155.)

The **second level of review** is under the analysis noted by the Ninth Circuit in **Biggs v. Terhune**, (2003) 334 F.3d 910, at 916-917. There the court discussed the limits on using the immutable and unchanging facts of the crime to deny parole in the face of evidence that the inmate has achieved rehabilitation.

> [While] the [California] parole board's sole reliance on the gravity of the offense can initially be justified as fulfilling the requirements set forth by state law... over time should [Petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of [his] offense... would raise serious questions involving his liberty interest in parole.... [¶] A continued reliance on the circumstances of his offense... runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." (Id. at pp. 916-917.)

The Ninth Circuit was clear that, at some point, the crime cannot any longer be used to deny parole suitability without violating federal due process. The Ninth Circuit has now (cf. **Irons v. Carey** (9th Cir. 2007) __ F.3d __, 2007 DJDAR 3072, pp. 3073-3074), explicitly defined the rule of **Biggs** where the minimum number of years of the sentence is the limit for the use of crime factors beyond the minimum necessary to convict to deny parole suitability. This point has been in contention in the courts since first addressed in **In re Ramirez** (2001), 94 Cal.App.4th 549, at 571, when the court noted that reliance on the crime after 7 hearings, 17 years in prison and 9 years after the inmate's minimum term was arbitrary. This aspect of **In re Ramirez** was not disapproved by the California Supreme Court in **In re Dannenberg**, supra, at p. 1100. (See also **Biggs v. Terhune**, supra, at 917; **Martin v. Marshall**, (N.D. Cal. 2006) 431 F.Supp.2d 1039, 1046-1048; **Rosenkrantz v. Marshall** (C.D. Cal. 2006) 444 F.Supp.2d 1063, 1084-1085; **Sanchez v. Kane** (C.D. Cal. 2006) 444 F.Supp.2d 1049, 1062; **In re Scott II** (2005) 34 Cal.Rptr.3d 905, 920; **In re Wen Lee**, 49 Cal.Rptr.3d 931, at pp. 937-940; and **In re Elkins** (2006) 50 Cal.Rptr.3d 503, at pp. 518-523.) Hence, **Irons v. Carey**, supra, has now established a clear and concise bright line rule as to when the use of particularly egregious crime factors can no longer be used to deny parole, and that point arrives when a prisoner has "...served the minimum number of years required by his sentence." (Id. p. 3074.)

Here, Petitioner has been in custody 16 years (14 at the time of the hearing); is 6 years

beyond the **Irons v. Carey**, supra, bright line rule; has served an adjusted term of good time credits of 21 years, 4 months. The evidence of Petitioner's rehabilitation and behavior, as noted by the Board, is exemplary, and absolutely no contrary evidence was submitted at the hearing. In fact the CDCR Staff Psychologists establish Petitioner as a low violence potential stating that he would be an excellent candidate for parole.

The **third level of review** is a "some evidence" review under **In re Dannenberg**, supra, and **In re Rosenkrantz**, supra, which requires that the crime exhibit some evidence beyond the minimum elements necessary for a conviction of second-degree murder. The requirements of due process are met if some evidence supports the Board's decision, establishing that the inmate presents an unreasonable danger if released. (See **Biggs v. Terhune**, supra, at 915; **McQuillion v. Duncan** 306 F.3d 895, at 904; **Jancsek v. Oregon Board of Parole** (9th Cir. 1987) 833 F.2d 1389; **Superintendent v. Hill** (1985) 472 U.S. 445, 456.) A some evidence finding that an inmate represents a "current unreasonable danger" must be based on a factually supported belief that the inmate will commit a violent act and may not be based on whim, caprice or rumor (**In re Powell** (1988) 45 Cal.3d 894; **In re Morrall** (2002) 102 Cal.App.4th 280), and such evidence must be based on some indicia of reliability. (**Biggs**, supra, at p. 915; **McQuillion**, supra, at p. 904; and **Rosenkrantz v. Marshall**, supra, pp. 1083-1084.)

Penal Code § 3041 requires that the factors relied upon, and supported by "some evidence", must be factors that indicate a legitimate concern that the prisoner represents a "current unreasonable threat" to public safety if released. (See **In re Earnest Smith** (2003) 114 Cal.App.4th 343, at pp. 365-373; **In re Scott** (2004) 119 Cal.App.4th 871, 890-892; and **In re Dannenberg**, supra, at 1096.) Most importantly, California law requires that "[t]he test is not whether some evidence supports the reasons the [Board] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety." (**In re Wen Lee**, supra, at 936, emphasis in original. See also **In re Elkins**, supra, at 521 [discussing that the parole authority must not focus on circumstances that may be aggravating in the abstract; rather, it must focus on fact(s) indicating whether or not the release would pose "...an unreasonable risk of danger to society."].) " "[T]he overreaching consideration in the suitability determination

is whether the inmate is currently a threat to public safety." (**In re Weider** (2006) 52 Cal.Rptr.3d 147, 160-161.) Some evidence of a particular factor found by the Board does not necessarily equate to some evidence that the parolee's release poses an unreasonable risk to public safety. (**In re Wen Lee**, supra, at pp. 936-937 and n. 3.)

Moreover, the court in **In re Ramirez** (2001), 94 Cal.App.4th 549, established a standard that more is required than just a some evidence review to ensure that all aspects of the panel process are complied with; consequently, P.C.§ 3041 includes the mandate of the State Legislature that prison terms be set proportionately, and thus the courts must consider whether the punishment has become disproportionate, particularly where a prisoner has served more than his appropriate term under the matrix. (**Ramirez**, supra, at 570-571, and 15 CCR § 2403(c).) Again, this aspect of **Ramirez** was not overturned by **In re Dannenberg**, supra, at p. 1100;

Under **In re Dannenberg**, supra, there is **not** the requisite "some evidence" in Petitioner's commitment offense factors that justifies a denial of parole. Since the facts of Petitioner's second-degree murder conviction bears no evidence beyond the minimum necessary to establish the elements, as a matter of law, the crime cannot be "particularly egregious" so as to allow the Board to defer setting a parole date after four (4) hearings and 17 years in prison. In fact, the jury's finding rejecting the "intent to kill" in this offense is sufficient to preclude the use of the crime as evidence of unsuitability. The facts of Petitioner's crime certainly do not contain evidence that went beyond the minimum necessary to establish the elements for an "implied malice," unintentional second-degree murder. (**In re Wen Lee**, supra, at 940.) The evidence was easily susceptible to manslaughter interpretation, on the theory of provocation, but just went too far, as the provocation was not adequate to negate implied malice, irrespective of the lack of intent to kill. Thus, the circumstances of the crime demonstrate nothing beyond the bare elements of an implied malice second-degree murder. Certainly, there was no evidence to support a finding that includes elements of first-degree murder, such as premeditation and deliberation, were present.

Nor was there any pre- or post-conviction evidence that would preclude the Board from setting a parole date at the hearing. As will be further seen, Petitioner prevails under all three

levels of analysis (**Apprendi-Blakely-Cunningham**, supra; **Biggs v. Terhune**, supra, **Irons v. Carey**, supra; and **In re Dannenberg**, supra.) The Board's denial in Petitioner's case constitutes a denial of all these procedural protections as it is in direct conflict with the Board's own rules set forth in **15 CCR § 2400** et seq., the sole purpose of which are to facilitate the determination of parole suitability under **P.C.§ 3041**.

The Board's seventeen year record of denying parole to well over 90% of appearing inmates is neither a constitutional application of **Penal Code §3041**, subsections (a) and (b), nor in conformity with the California Supreme Court's holding in **In re Rosenkrantz** (2002) 29 Cal.4th 616, 683, that the Board shall normally grant parole. It mathematically reflects a systematic bias by the Board against granting parole.

The Board cannot ignore the United States Supreme Court mandates of **Blakely v. Washington** (2004) _U.S._, 124 S.Ct. 2531, 159 L.Ed.2d 403, and punish a prisoner by redefining their offense as particularly egregious and therefore including crime elements which define it as one of a higher degree not found by a jury without violating Petitioner's state and federal right to due process.

Resolution of these issues by this Court is necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decision is demonstrated by a comparison of this case with the factually similar **In re Ramirez** (2002) 94 Cal.App.4th 549 and **Biggs v. Terhune** (9th Cir. 2003) 334 F.3d 910, and **Blakely**, supra, which resulted in court findings opposite to that in Petitioner's case. Petitioner respectfully submits that viewing these cases together demonstrates the lack of uniformity in application of the due process standard and that the decision in the instant case conflicts with the recently announced Federal due process standard delineated in **Biggs v. Terhune**, supra, and **Blakely v. Washington**, supra. This case also provides this Court with an opportunity to refine the meaning of the "particularly egregious" standard found in **In re Ramirez**, supra and **In re Rosenkrantz**, supra, 29 Cal.4th and to bring it and other standards such as liberty interest and some evidence into line with noted federal rulings.

Also, this case provides the Court with an opportunity to determine if by denying parole to

over 90% of appearing inmates over the ten year period during which Petitioner appeared before the panels the Board is normally granting parole as required by **In re Rosenkrantz**, supra, 29 Cal.4th 6733 and the California parole scheme, or does the Board's repeated denial of parole during that period to well over 90% of appearing inmates mathematically reflect their factual historical bias against parole depriving appearing inmates of the federally protected liberty interest.

Further, this case provides the Court with an opportunity to determine if the Board can base a decision to deny parole on prior [remote in time] behavior not reflected by a prisoner's current and long term history, precluding its use to deny parole in accordance with federal "some evidence" and due process standards.

In summary, Petitioner respectfully submits that in this case "some evidence" having the necessary state and federal indicia of reliability does not support each of the Board's findings as required by the **United States Constitution, Fifth and Fourteenth Amendments, the California Constitution, Article I, Section 15**, and numerous state and federal case rulings including **In re Mark Smith** (2003) 109 Cal.App.4th 489, **Biggs v. Terhune** supra, violating his State and Federal constitutional right to Due Process.

ARGUMENT I

**THE BOARD'S CONTINUAL USE OF UNCHANGING FACTORS SUCH AS THE GRAVITY OF THE OFFENSE AS THE PRIMARY REASON TO DENY PAROLE IS A VIOLATION OF PETITIONER'S LIBERTY INTEREST IN PAROLE AND DUE PROCESS RIGHTS AS PROTECTED BY THE 5th AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION IGNORING THE EVIDENCE OF HIS REHABILITATIVE PROGRAMMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR WHILE IN PRISON.**

**A. INTRODUCTION**

On November 8, 2005, Petitioner appeared before the Board of Prison Terms for the Third time for parole consideration and was found unsuitable for parole based on unchanging factors, the circumstances of his offense and his alleged lack of insight into the circumstances of his offense. He received a 1 year parole denial. Petitioner filed a Petition for Writ of Habeas Corpus in the SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF KERN, Case

Number HC009327A. On June 14, 2006, the Court denied Petitioner's Petition, concurring with the declarations of the Board.

In 1991 Petitioner was convicted of Second Degree murder. Other than this unfortunate instance, Petitioner has never engaged in another violent or assaultive act either prior to his commitment offense or while in prison. He repeatedly expresses regret and remorse for his act and the victim. In addition, Petitioner has been disciplinary free since 1999, has positive CDC Psychological Evaluations and Correctional Counselor Life Prisoner Evaluation Reports supporting his release and he has a very positive work record. He also has solid parole plans, etc. Ignoring these facts the Board arbitrarily found him unsuitable for parole, denying him for a 1-year period.

**B. THE BOARD'S DECISION TO DENY PAROLE WAS NOT SUPPORTED BY "SOME EVIDENCE" HAVING AND INDICIA OF RELIABILITY.**

In **Biggs v. Terhune**, supra, at p. 914, a case with situational factors and a prison performance record analogous to this Petitioner's, the Court cited **Greenholtz v. Nebraska Penal Inmates** (1979) 442 U.S. 1, 7, and **McQuillion v. Duncan** (9th Cir. 2002) 306 F.3d 895, 903 and held that "[b]ecause the California parole scheme [Penal Code §3041(b)] vests in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguards of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision, citing **Jancsek v Oregon Board of Parole**, (9th Cir. 1987) 833 F.2d 1389. The Biggs' Court then established standards for the California Parole Board to follow when assessing the facts before it during a parole consideration hearing, holding at pp. 916-917 that:

> [While] the Parole Board's sole supporting reliance on the gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of parole can initially be justified as fulfilling the requirements set forth by state law [o]ver time, however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole.
>
> A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation.

**Biggs** further held that when a prisoner such as Petitioner has behaved in a crime and disciplinary free manner over a long term, in Biggs' first-degree murder case 13 years, a Board finding denying parole based on the prisoner having had a so called escalating pattern of criminal conduct relying on their commitment offense, prior history would be devoid of evidence, since they have not recently committed a criminal act, and when a prisoner such as Petitioner has engaged in rehabilitation type programming such as self-help groups, educational and vocational courses, etc., and remained disciplinary free for an extended period as in this case, the Board can not deny parole based on those factors because the evidence demonstrates otherwise. (Id. at pp. 916-917.) Previously, the court in **In re Rosenkrantz** (2002) 80 Cal.App.4th 409 at p. 426, citing **Dunn v. U.S. Parole Com'n** (l0th Cir. 1978) 818 F.2d. 742, 745, held the Board cannot use a prisoner's prior behavior as a factor supporting an unacceptable parole release risk finding solely for punitive purposes when the evidence fails to show these events reflect his present state of mind.

Petitioner therefore respectfully submits that in accordance with these recently announced Federal due process standards, given his fifteen (15) years of disciplinary free prison performance and his on-going positive programming, the gravity of his offense can no longer provide the some evidence needed to support a parole denial decision. Therefore, the Board's finding in this case that the gravity of his offense from over fifteen (15) years past outweigh all of the positive factors of his imprisonment demonstrating his rehabilitation is contrary to the evidence which was before the Board, thus their findings and decisions were without any reasoned factual basis, i.e. devoid of evidence, and as a result arbitrary and capricious, depriving Petitioner of his State and Federal right to Due Process.

**C. The Board Mathematically Demonstrates Systematic Bias in Their Decision Making by Denying Grants of Parole to over 90% of Appearing Inmates, Finding Each Denied Inmate's Crime to be Particularly Egregious.**

Petitioner respectfully submits that a review of the available state government provided statistical data, which can be obtained and provided if requested, will demonstrate the Board routinely denies parole to well over 90% of appearing inmates in violation of **Penal Code §3041** (a) as held by this Court's ruling in **In re Rosenkrantz**, supra, 29 Cal.4th at p. 683, and

in violation of the Federal standard recently announced in **Biggs v. Terhune**, supra, at pp. 916-917.

Further, Petitioner submits a review of case record history will show that the Board carries out this routine denial of parole by declaring each and every offense committed by the 90%+ of inmates denied parole as being "especially heinous, atrocious, or cruel," i.e. particularly egregious, regardless of offense circumstances or degree. It is impossible for over 90% of crimes committed which carry an indeterminate sentence to be particularly egregious, especially if the offense's circumstances correlate to those appearing on an applicable 15 CCR **§2282** or **§2403** Base Terms Matrix indicating the **Penal Code §3041** (a) uniform and proportional term for the instant offense. (See **In re Rosenkrantz**, supra, 29 Cal.4th at p. 683 holding the Board cannot ignore or override the requirement of a case-by-case basis to set uniform proportional terms. Also see **In re Earnest Smith**, (2003) 114 Cal.App.4th 343 holding that in California parole is the rule, i.e. the norm, and not the exception; and that only especially grave, i.e. particularly egregious, crimes can be used to support a parole denial decision. See **In re Rosenkrantz**, supra, 29 Cal.4th 616 holding a "particularly egregious a second degree murder is one with first degree murder elements not found by the jury, and see **Blakely v. Washington**, supra, holding this type of finding by a [quasi-judicial] sentencing [authority] is illegal. (See **Hornung v. Superior Court** (2000) 81 Cal.App.4th 1098, 1099, citing **Sellars v. Procunier** (9th Cir. 1981) 641 F.2d 1295, 1304, holding "The [Board of Prison Terms'] commissioners perform a quasi-judicial function when they decide to grant or deny parole." Also see **Sellars v. Procunier**, Ibid, holding the parole board member [is] an impartial professional serving essentially as the arm of the sentencing judge, and **Obremski v. Maass** (9th Cir. 1990) 905 F.2d 281, 285, holding "[b]ecause parole board officials perform tasks functionally comparable to those performed by the judiciary, they owe the same duty to render impartial decision in those cases," also cited in **Hornung**, Id., at p. 1100. See **In re Sena** (2001) 115 Cal.Rptr.2d 22, 25 holding, "[a] parole decision flows from and relates to the sentence imposed.]" citing **United States v. Paskow**, (9th Cir. 1993) 11 F.3d. 873, 879. See **In re Sena**, Ibid.,, also holding "[a] petition for writ of habeas corpus attacking parole denial is a challenge to the length of sentence..." See **In re Hogan** (1986) 187

Cal.App.3d. 819, 824, holding "The Board in setting a parole release date [i.e. determining the length of sentence,] for an indeterminate sentence performs the same function as does the trial court..." See **Blakely v. Washington**, supra, at DJDAR 7582, holding "when a [sentencing] judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment." precluding California's parole board's use of any factor not found by a jury when determining the length (continuation) of a prisoner's **Penal Code §3041**(b) punishment. (See **In re Morrall** (2002) 102 Cal.App.4th 280, 288-289, 292, holding the punishment for an indeterminately sentenced prisoner is the **Penal Code §3041** (a) / 15 CCR §2282 or §2403 uniform term specified for the type, degree, and circumstances of their crime.)

Petitioner further submits that in this case the Board effected their systematic parole denial result by "simply identifying 'some [factual] evidence' [from] the record to support each result," ignoring that in accordance with **In re Ramirez**, supra, at pp. 536-564, and **Biggs**, supra, at pp. 916, 917, the facts of this case do not and can not demonstrate that Petitioner is currently an unreasonable threat to public safety if released. The Board clearly ignored the fact that the offense and victim circumstances of Petitioner's offense calls for a 15 CCR **§2403** (c), Matrix II-B base term of 17-18-19 years, while he has already served a 20 year term. (15 actual years plus 5 credit years), 3 years past his uniform term and owed parole date. Therefore Petitioner submits he did not receive a fair parole hearing at his third (2nd subsequent) Parole Consideration Hearing because the hearing was adjudicated pro forma as the results reflect the Board's mathematically demonstrated bias against granting parole, violating Petitioner's state and federal right to due process under the constitution of the United States, depriving him of his federally protected liberty interest.

## ARGUMENT II

**THE BOARD'S FINDINGS THAT PETITIONER HAD TO ACCEPT RESPONSIBILITY [FOR] AND GAIN INSIGHT [INTO] THEIR VERSION OF THE OFFENSE IS A VIOLATION OF PC § 5011 AND CCR § 2236 AND THEREFORE AMOUNTS TO A VIOLATION OF DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.**

Petitioner has always accepted responsibility for the actions he took that resulted in the death of the victim. Petitioner has addressed his culpability and has good insight into the causative factors underlying his actions.

The Panel at his previous hearing, claiming the psychological evaluation prepared for that hearing was insufficient, presented specific questions to the Mental Health Department regarding Petitioner's acceptance and insight (Decision pages of previous hearing attached as Exhibit 'C' p. 71, lines 24-26 to Superior Court habeas).

The EXPERT OPINION of the Doctors of the Mental Health Department who administered the psychological evaluation attest to Petitioner's acceptance, remorse, understanding and insight. (See Exhibit 'B' of Superior Court habeas).

All of Petitioner's previous psychological evaluations have reached the same conclusions, i.e., that Petitioner accepts responsibility for his actions, is remorseful over the senseless loss of life, understands and has good insight into the causative factors underlying his actions. The Board is MASKING their insistence that Petitioner admit to their version of what happened (even though it does not agree with the record), behind their claim that he does not have insight into the causative factors of his actions and accept responsibility for the crime.

**Penal Code § 5011** states: "The Board of Prison Terms shall not require, when setting parole dates, an admission of guilt to any crime for which the inmate was committed."

**CCR § 2236** states:

> The facts of the crime shall be discussed with the prisoner to assist in determining the extent of personal culpability. The Board shall not require an admission of guilt to any crime for which the prisoner was committed. A prisoner may refuse to discuss the facts of the crime in which instance a decision shall be made based on the other information available and the refusal shall not be held against the prisoner. Written material submitted by the prisoner under § 2249 relating to personal culpability shall be considered.

In spite of these CLEAR and UNAMBIGUOUS statute and regulatory instructions, the Board finds Petitioner unsuitable for parole due to his version of what happened differing from theirs:

> And you characterize it as if somehow out of a situation where you weren't angry, you were afraid of him, you were concerned about him but you weren't angry and you weren't aggressive, that somehow this gun went off and shot him.

> That makes **us** feel like you need to gain a little more insight related to the offense. (Hearing Decision, Exhibit 'A' of Superior Court habeas p. 72, lines 18-25 emphasis added)

The Board is obviously DEMANDING that Petitioner change his description of the offense and adopt theirs. Just as clear is the fact that KNOWING that it is illegal to require Petitioner to admit guilt or agree with their version of the what happened, they tried to hide this violation of law by posing it as a lack of insight. Considering all the statements made by the Board together the only conclusion that can be reached is that Petitioner will never be found suitable as long as his version differs from the Board's.

> This is a one-year denial and it is - It is due to the commitment offense alone, primarily, and the fact that we have some, we have some hesitation related to insight and what happened that day. (Id a p; 71, lines 7-18 emphasis added)

It appears that the Board believes they know more about what happened that day than the Judge, Jury, Mental Health EXPERTS, and the law does. And since they are all knowing, and believe they are above the law, they have found Petitioner unsuitable for lack of insight into the circumstances of THEIR version.

## ARGUMENT III

**THE BOARD ROUTINELY IGNORES THE EXPERT OPINION OF THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND SUBSTITUTES THEIR OWN OPINION IN ASSESSING RISK, REMORSE AND INSIGHT IN VIOLATION OF THE DEPARTMENT OPERATIONS MANUAL § 62090.13 et. seq., WHICH VIOLATES DUE PROCESS RIGHTS UNDER THE 5th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION.**

Petitioner was evaluated by the Mental Health Department Doctors in accordance with Regulations and the request of the Board at his previous hearing.

The current evaluation prepared expressly at the request of the Board, found him to be sincere, responsible, insightful and an Excellent prospect for parole. In their EXPERT OPINION Petitioner has no anger issues, needed no therapy or self help and posed no more threat than the average citizen. The commissioners, acting under the instruction of their supervisors, disregarded this EXPERT testimony and substituted their own unqualified opinion to find that Petitioner has "Anger Issues" and "Lacks Insight".

All of Petitioner's previous psychological evaluations have reached the same conclusions,

i.e., that Petitioner accepts responsibility for his actions, is remorseful over the senseless loss of life, understands and has good insight into the causative factors underlying his actions.

In November of 2005, the Board started handing out notices to prisoners attending board hearings that effective then, the Board would no longer consider Psychological Evaluations but will make such decisions on their own. (See Exhibit 'D' of Superior Court habeas).

In a memorandum issued January 26, 2006, by DENNIS KENNEALY, Executive Director, Board of Parole Hearings, this policy was made the "Official" position of the Board. (Id)

The memorandum, at the last sentence of the first paragraph of page 1 states: "This policy is in effect notwithstanding Department of Corrections and Rehabilitation Operations Manual section **62090.13**."

The Department Operations Manual (**DOM**) section **62090.13** et seq., provides a description of, and instructions for preparing, Psychological Evaluations [of] Life Prisoners as well as who may make such evaluations and the qualifications of persons tasked to do so. (See Exhibit 'E' of Superior Court habeas for relevant pages of the DOM).

Germane to the instant situation is the final paragraph **§ 62090.13.2** entitled 'Parole and Release' which specifically requires a threat assessment [for a prisoner] outside a controlled setting. **DOM § 62090.14.1** 'Procedures' provides for an evaluation by a person other than a psychologist of psychiatrist and lists the minimum requirements the person preparing the evaluation must have.

Even a cursory glance of the biographies of the Board members (Exhibit 'F' Superior Court habeas), clearly shows that not a single person on the Board is remotely qualified to make such an assessment.

According to **PC § 5075**(c) the Composition of the Board "shall reflect as nearly as possible a cross section of the racial, sexual, economic, and geographical features of the population of the state." While Petitioner is not in possession of the data from the last census in California, he does not believe that the state population is anywhere near 7 law enforcement personnel for every 10 citizens.

**In re Rosenkrantz**, 80 Cal.App.4th 409, 424 states:

> Subdivision (b) of section 2402 directs the panel to consider [a]ll relevant, reliable information available to it, including... any other information which bears on the prisoner's suitability for release. (Cf. **In re Morrall** 102 Cal.App.4th 280)

**Biggs v. Terhune** 334 F.3d 901 states in relevant part:

> [T]he record in this case and the transcript of Biggs' hearing before the Board clearly show that many of the conclusions and factors relied on by the Board were devoid of evidentiary basis...

The board must consider... psychological profile as a factor for a parole date. (**In re Ramirez** 94 Cal.App.4th 549, 572)

Petitioner submits that the Board's findings of lack of insight, anger issues, lack of remorse, minimizing or not accepting responsibility, are mere "make-weight rationalization[s] for predetermined conclusions in search of justification." (**In re Caswell** (2001) 92 Cal.App.4th 1017, 1030), and are therefore multiple arbitrary and capricious decisions rising to the level of due process violations under the U.S. Constitution Amendment XIV. (**CEJA v. STEWART** (9th Cir. 1996) 97 F.3d 1246: "Multiple Errors, even if harmless individually, may entitle petitioner to habeas relief if their accumulative effect prejudiced defendant."

Petitioner acknowledges that the Board has "Broad Discretion" in making their decisions in parole matters; however, it has become crystal clear that they are REPEATEDLY AND INTENTIONALLY abusing that discretion in their continuance of a "No Parole Policy" for political and financial gain.

//

//

## CONCLUSION

Petitioner therefore respectfully submits that his second subsequent parole hearing was conducted pro forma and was a sham. The decision reached by the Board was a predetermined outcome with complete disregard for any and all information Petitioner or his representing attorney tried to provide.

The hearing, therefore, was based on arbitrary and capricious decisions, not only lacking evidentiary support, but also contradictory of the record and in violation of his Due Process Rights as protected by the 5th and 14th Amendments to the United States Constitution.

Petitioner maintains that the above referenced behaviors by the Board denied him his Liberty Interest in Parole triggering the Due Process Violations of the 5th and 14th Amendments.

It is not enough for the Board to simply mouth words about Petitioner's offense to find him unsuitable. They must make a valid connection as to the facts of the case in doing so. The Board here failed to even suggest what it was about the offense that made Petitioner a current unreasonable risk of threat to the public safety, they merely said "...the commitment offense alone..." and then tried to imply that Petitioner lacked insight into the causative factors because his version disagreed with theirs. In doing so, the Board also indicted the **Trial Judge** and several doctors in the mental health department who also see the events as Petitioner tried to present them to the Board.

There can be no mistake but that the Board was/is biased and did not then, nor will they ever, grant Petitioner a fair and impartial hearing.

Dated: 4-23-2007

Respectfully submitted,

William Oldright

William Oldright,
In pro Se
P.O. Box 689
Soledad, California 93960-0689

**DECLARATION OF SERVICE BY MAIL**
**(By a person in State Custody)**

I WILLIAM OLDRIGHT, H-14131, declare: I am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am a party to within action. My residence address is P.O. Box 689, Soledad, Calfornial, 93960-0689.

On 4-23,2007 I served the foregoing Petition for Writ of Habeas Corpus on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Soledad, California, addressed as follows:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
1130 "O" STREET, Room 5000
FRESNO, CA 93721

There is regular mail delivery service by the U.S. Postal Serive between the place of mailing and the places so addressed.

I delcare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of april, 2007, at Soledad, California.

William Oldright
William Oldright

Petitioner in pro per

EXHIBIT 'A'
CALIFORNIA SUPREME COURT DENIAL

Court of Appeal, Fifth Appellate District - No. F050928
**S147517**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re WILLIAM OLDRIGHT on Habeas Corpus

Petition for review DENIED.

Corrigan, J., was absent and did not participate.

SUPREME COURT
FILED

JAN - 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice