# EXHIBIT E

In re William Oldright on Habeas Corpus
KCSC# HC 9327

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

The court has read and considered the petition for writ of habeas corpus dated May 4, 2006 and which arrived in an envelope postmarked May 8, 2006. It was filed on May 22, 2006.

The petition concerns the underlying case of <u>People v. William George Oldright, Jr.</u>, Kern County Superior Court, case no. SC046087A.

Petitioner is serving a sentence of 18 years to life for second degree murder. He is incarcerated in the Correctional Training Facility at Soledad.

On November 8, 2005, Petitioner received his second subsequent parole suitability hearing. He was found not suitable for parole. He contends that finding, and certain actions by the parole suitability hearing panel, were improper for three reasons. He claims panel denied him due process by:

    a. Continuing to use unchanging factors such as the gravity of the offense as the primary reason to deny parole;

    b. Insisting that Petitioner accept responsibility for and gain insight into the Board's version of the commitment offense; and

    c. Ignoring the testimony of experts concerning the assessment of the risk Petitioner poses and his remorse and insight and substituting instead its own unqualified opinion.

Petitioner fails to state a prima facie case for relief.

The first contention.

    a. Petitioner contends the parole suitability hearing panel based its decision to find him not suitable for parole on "the commitment offense alone, primarily." And, in order for the offense to be sufficient to constitute some evidence to support a denial of parole, the panel recharacterized it as a more serious offense carrying a more severe penalty. However, Petitioner

argues that the commitment offense is an unchanging factor, and because it is unchanging, the panel's reliance on it alone effectively converts his sentence into life without possibility of parole. He contends this was improper and a denial of due process. He cites Biggs v. Terhune (9th Cir. 2003) 934 F.3d 910 and In re Ramirez (2001) 94 Cal.App.4th 549 in support of his contention.

    b.   The contention fails.

    c.   A review of the transcript of the parole suitability hearing reveals that the panel did not recharacterize Petitioner's commitment offense as more serious than it was. Nor, did it rely on the commitment offense alone in deciding that Petitioner was not suitable for parole, notwithstanding the suggestion in the transcript that it did. Immediately after stating that the panel was relying on the commitment offense alone, the presiding commissioner went on to say that the panel was also concerned with (i.e., was relying on) Petitioner's insight into the events of the offense. Stated another way, the panel identified some evidence to support its decision to find Petitioner unsuitable, and that some evidence did not consist of the commitment offense alone. As for Petitioner's reliance on Biggs and Ramirez, it is misplaced. Neither case helps Petitioner, or at least not enough to affect the outcome of the petition. In Biggs, the court said that, while the gravity of the commitment offense can initially justify denial of parole, continued reliance on that one factor over time would raise serious due process questions. (Biggs, supra, 334 F.3d at p. 916). In Ramirez, the court said that, while the gravity of the commitment offense alone may be a sufficient basis for denying parole, the panel must nevertheless consider all other relevant factors. (Ramirez, supra, 94 Cal.App.4th at p. 569). Here, the record shows that the panel considered numerous factors in deciding whether Petitioner was suitable for parole. It just did not find that all of them supported a denial of parole.

The second contention.

    a.   Petitioner contends the panel improperly constructed its own version of the events of the commitment offense and then insisted that he accept responsibility for and gain insight into it. He claims he accepts responsibility for "the actions he took that resulted in the death of the victim," is remorseful for those actions; and has good insight into the causative factors underlying his actions. And, he claims, this is attested to by all of his psychological evaluations. Petitioner claims that the panel's insistence that he accept its

2

version of events is contrary to Penal Code § 5011 and Cal. Code Regs., tit. 15 § 2236, both of which provide that a parole suitability hearing panel cannot require an inmate to admit that the committed the commitment offense.

      b.   The contention fails.

      c.   A review of the events constituting the commitment offense as discussed in the transcript of Petitioner's parole suitability hearing reveals that the panel did not create its own version of those events. A comparison of the events of the offense as discussed in the transcript with the events of the crime established at trial, as described in the Court of Appeal's opinion in Petitioner's appeal, show that those two version of the events are the same. Petitioner's disagreement with the panel with respect to the circumstances of the offense was not because the panel's version differed from the actual events of the crime; it was because Petitioner attempted to distance himself from the actual events. As for the claim that the panel's actions violated Penal Code § 5011 and Cal. Code Regs., tit. 15 § 2236, it is without merit. The panel did not insist that Petitioner admit any guilt that he was not willing to admit. It engaged in a discussion of the commitment offense with Petitioner, and the transcript shows that Petitioner was quite willing to participate in that discussion.

The third contention.

      a.   Lastly, Petitioner contends the panel improperly ignored the testimony of experts concerning the assessment of the risk he poses and his remorse and insight and substituted instead its own unqualified opinion. He claims that all of his psychological evaluations have concluded that he accepts responsibility for his actions, is remorseful and has good insight into the why the offense occurred. However, the panel did not accept those conclusions. Instead, it found that Petitioner has anger issues and lacks insight concerning the offense. Petitioner also claims that the BPT improperly adopted a policy in November 2005 whereby it will make its own decisions on matters of insight, remorse and future risk and will no longer routinely consider psychological evaluations on those questions.

      b.   The contention fails.

      c.   The panel did not substitute its own opinion as to assessment of risk, remorse and insight for that of experts. As suggested above, the panel noted that, in discussing the commitment offense, Petitioner seemed to distance himself from

3

the events of that offense. He seemed to prefer to suggest that the crime just happened. That the panel noticed this and it gave rise to concerns about Petitioner's insight into the crime was not unreasonable. As for Petitioner's claim that the BPT has adopted a policy of making its own decisions with regard to insight, remorse and future risk, it states no wrong, at least it states not wrong relative to Petitioner. A review of the policy statement attached to the petition shows that the policy was adopted after Petitioner's parole suitability hearing. Therefore, the new policy has no effect on the issues raised in the petition.

Petitioner has failed to state facts sufficient to warrant issuance of a writ of habeas corpus.

The petition is denied.

Dated: __JUN 1 4 2006__

*/s/ John S. Kelly*
Judge of the Superior Court

4

DECLARATION OF SEVICE BY MAIL
(C.C.P. §§ 1013A, 2015.5)

I, WILLIAM OLDRIGHT, H-14131, declare: I am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am a party to the within action. My residence address is P.O. Box 689, Soledad, California, 93960-0689.

On October 21, 2006 I served the foregoing PETITION FOR REVIEW on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with first class postage fully prepaid in the United States Mail at Soledad, California, addressed as follows:

Original + 13 Copies

California Supreme Court
350 McAllister Avenue
San Francisco, CA   94102-7303

One Copy
Attorney General of California
Attn: Krista L. Pollard
1300 I Street, Suite 125
Sacramento, CA   94244-2550

One Copy

Fifth Appellate District
California Court of Appeals
2525 Capitol Street
Fresno, CA   93721

One Copy
Superior Court of California
In and for the County of Kern
1415 Truxtun Avenue
Bakersfield, CA   93301-4172

There is regular delivery service by the U.S. Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21 day of October, 2006, at Soledad, California

*William Oldright*
William Oldright