# EXHIBIT F

MC-275

WILLIAM OLDRIGHT

Address: P.O. BOX 689    BW-104L

SOLEDAD, CA    93960-0689

Petitioner in pro per

CDC or ID Number: H-14131

ORIGINAL

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED
AUG 4 - 2006
LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By _____ Deputy

FIFTH DISTRICT COURT OF APPEAL
IN AND FOR THE STATE OF CALIFORNIA
(Court)

IN RE

WILLIAM OLDRIGHT     ON H/C
Petitioner
vs.
A.P. KANE, WARDEN, et al.
Respondent

PETITION FOR WRIT OF HABEAS CORPUS
EVIDENTIARY HEARING REQUESTED

No. F050928
(To be supplied by the Clerk of the Court)

Handwritten margin notes: OCT#'S, F50099, F50121, F4698

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form before answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction
- [XX] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other *(specify)*: _____

1. Your name: **WILLIAM OLDRIGHT**
2. Where are you incarcerated? **CORRECTIONAL TRAINING FACILITY, SOLEDAD, CA 93960-0689**
3. Why are you in custody? [XX] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      **Murder: Second Degree with use of a firearm**

   b. Penal or other code sections: **PC §§ 187, 12022.5**

   c. Name and location of sentencing or committing court: **SUPERIOR COURT OF KERN COUNTY, 1415 TRUXTUN BAKERSFIELD, CA 93301-4172**

   d. Case number: **SC046087A**

   e. Date convicted or committed: **10/17/91**

   f. Date sentenced: **10/17/91**

   g. Length of sentence: **18 years to life**

   h. When do you expect to be released? **MEPD 3/29/03**

   i. Were you represented by counsel in the trial court? [XX] Yes.  [ ] No. If yes, state the attorney's name and address:

      **Timothy J. Lemucchi, Attorney at Law, 918 Truxtun Ave., Bakersfield, CA 93303**

4. What was the LAST plea you entered? *(check one)*

   [XX] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE SUPERIOR COURT'S DENIAL OF PETITIONER'S CHALLENGE OF PAROLE DENIAL BY THE BPH IS AN UNREASONABLE DETERMINATION OF THE FACTS AS PRESENTED IN HIS PETITION, HC009327A, AS THE COURT ITSELF NOTED THAT THE BOARD RELIED ON THE UNCHANGING CIRCUMSTANCES OF THE COMMITMENT OFFENSE, INSISTED THAT PETITIONER ACCEPT INSIGHT INTO A VERSION OF THE OFFENSE OTHER THAN HIS OWN, AND **DID IN FACT** IGNORE THE EXPERT OPINION OF THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND SUBSTITUTE THEIR OWN UNQUALIFIED OPINION.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

1. Petitioner submitted a Petition for Writ of Habeas Corpus (presented here with all its exhibits and attachments as Attachment 'I' and incorporated by reference), challenging the board's finding of unsuitability based on three (3) grounds:

   a) Continuing to use the unchanging factors such as the commitment offense to deny parole,

   b) Insisting that Petitioner accept responsibility for and gain insight into the board's version of the commitment offense, and

   c) Ignoring the testimony of experts concerning the assessment of risk, remorse and insight in violation of the law.

   All of which violates Petitioner's Liberty Interest in Parole and thus triggers the Due Process Clause of the 14th Amendment to the U.S. Constitution.

(Continued on Ground 1 Page 3a)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Petitioner has a liberty interest in parole. California Constitution Article I §§ 7 & 15, U.S. Constitution Amendments 5 & 14, PC § 3041. CCR § 2250, McQuillion v. Duncan (2003) 306 F.3d 895, In re Rosenkrantz (2002) 95 Cal.App.4th 358,

(Continued on Ground 1 page 3b)

Ground 1 Page 3a Supporting facts: (continued)

2. The Superior Court's denial order (Hereinafter DENIAL or ORDER, Attachment 'II'), actually substantiates all 3 of Petitioner's claims in the body of the text yet comes to a contrary conclusion.

3. An Evidentiary Hearing and a Discovery Order would have allowed Petitioner to obtain and fully present his evidence.

4. The court ignored the legal constraint imposed on the board to obey its own regulations.

5. The court <u>supported</u> the board's substitution of its own UNQUALIFIED OPINION for that of expert testimony.

6. The court ignored the board's OBVIOUS sub rosa policy of ignoring Psychological evaluations because the proof of such activity was not revealed (remained hidden, sub rosa), until a later date.

7. In spite of "COMMON KNOWLEDGE", as reported in the newspapers, on public radio, on television, and in too many Federal Court decisions to name, that the BPH is continuously violating the rights of prisoners, the court supported their specious decisions which clearly lacked evidentiary support.

8. Due Process, a Constitutional right, requires a Fair Hearing, before an Impartial panel, both of which were denied Petitioner. Subsequent to his hearing, Susan Fisher, the Commissioner who presided over said hearing, was denied confirmation by the State Senate due to BLATANT anti prisoner, anti parole statements made to the media, and resulted in her resigning due to "Conflict of Interest" concerns.

9. Petitioner contends that this revelation, further supports his contention that he was not given a fair and impartial hearing, or court review, nor will he ever, as there exists a sub rosa policy of No/Anti or Under-Inclusion of Parole for all term to life prisoners.

Ground 1 Page 3b Supporting cases, rules: (continued)

In re Ramirez (2001) 94 Cal.App.4th 549, In re Seabock (1983) 10 Cal.App.2d 29, Board of Pardons v. Allen (1987) 482 U.S. 369, Greenholtz v. Nebraska Penal Inmates (1979) 442 U.S. 1, 7-11.

    As Petitioner has argued that the board denied him on unchanging factors in violation of due process, it seems logical to first prove the other two "findings" of the board are unsupported thus leaving only the commitment offense or unchanging circumstance.

    Ground 3 (Attachment 'I' pp. 4f-4h) states:

> THE BOARD ROUTINELY IGNORES THE EXPERT TESTIMONY OF THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND SUBSTITUTES THEIR OWN OPINION IN ASSESSING RISK, REMORSE AND INSIGHT IN VIOLATION OF THE DEPARTMENT OPERATIONS MANUAL § 62090.13 et seq., WHICH VIOLATES DUE PROCESS RIGHTS UNDER THE 5th & 14th AMENDMENTS TO THE U.S. CONSTITUTION.

    The court states (ORDER p. 3 ¶ a):

> He claims that all his psychological evaluations have concluded that he accepts responsibility for his actions, is remorseful and has good insight into the [sic] why the offense occurred. However, the panel <u>did not accept those conclusions. INSTEAD, it found</u> that the Petitioner has anger issues and lack insight concerning the offense. (emphasis added, hereinafter e.a.)

    Petitioner is neither a lawyer nor a scholar, but submits that upon information and belief, the statement "<u>did not accept those conclusions</u>" literally means ignored.

    According to The American Heritage Dictionary, the definition of ignore is: To refuse to pay attention to; disregard.

    Petitioner submits that not only did he provide a prima facie argument on this ground in his petition (Att. 'I'), but the court, in its own words, substantiated his claims.

    Similarly, Petitioner's argument that the board "SUBSTITUTES" its own "UNQUALIFIED" opinion is substantiated by the court's statement:

1  Ground 1 Supporting cases, rules: (continued)

2  "**INSTEAD**, **it found**" (Id e.a.)

3  Once again, the phrase, "**INSTEAD**, **it found**", literally means the board substituted their finding for that of the experts.

Additionally, the court states (ORDER pp. 3-4 ¶ c):

> The panel did not substitute its own opinion as to the assessment of risk, remorse and insight for that of experts. As suggested above, the panel noted that, in discussing the offense, Petitioner seemed to distance himself from the events of the offense. He seemed to prefer to suggest that the crime just happened. That the panel noticed this and it gave rise to <u>concerns about Petitioner's insight</u> into the crime is not unreasonable.

The statement above is so self contradictory as to be obvious on its face. However, in the desire to be thorough, and with no intent whatsoever to insult the intelligence of this Appellate Court, Petitioner points out that the court first states that:

> The panel did not substitute its own opinion as to the assessment of risk, remorse and insight for that of experts.

and then in the same paragraph states:

> That the panel noticed this and it gave rise to <u>concerns about Petitioner's insight</u> into the crime is not unreasonable.

The comment that the board "keyed" on to decide Petitioner did not have insight into his crime and the court alleges indicates "He seemed to distance himself" was Petitioner's contention that the gun went off unintentionally (which, in part, is why the jury found him guilty of second degree murder instead of first degree). The specific quote, presented in Ground 1, at page 4a, lines 9-12, of Att. 'I") states:

> And you characterize it as if somehow out of situation where you weren't angry, you were afraid of him, you were concerned about him but you weren't angry and you weren't aggressive, that somehow this gun went off and shot him. <u>That makes us feel like you need to gain a little more insight related to the offense.</u> (Exhibit 'A' Hearing Transcript page 72, lines 18-25 Emphasis added).

Ground 1 Supporting cases, rules: (continued)

If the board did not have such complete and utter contempt for the Doctors of Mental Health Department, and their EXPERT OPINION on matters for which they have been specifically trained, are required by law and paid for by the taxpayers, they would have taken Petitioner's statement, and the FINDING OF THE JURY, for what it was, an accidental discharge of the weapon.

Petitioner asks this Court to take note that he was found Suitable at his initial hearing wherein the board considered a letter of support from the Trial/Sentencing Judge that this offense was "akin to self defense". Then Governor, Gray Davis, reversed the board's decision and two panels since that time have relied on the Governor's misrepresentation of the crime, describing it as a First Degree Special Circumstances Murder, and have used whatever EXCUSES they could to deny parole.

Petitioner submits that this is just another one of those excuses.

The superior court dismisses the evidence of the board's sub rosa policy by saying that the date of the "official implementation" was after Petitioner's hearing and therefore did not affect him.

The court's position is so disingenuous as to be insulting.

Petitioner had presented two arguments in succession depicting how the board's sub rosa policy of ignoring the expert opinion of the Psychological Assessments violates his due process. The Court then determines that because this sub rosa policy was not "ADMITTED TO" until after his hearing that it did not affect him.

If the existence of the policy had been known before the "Official" disclosure it would not have been "sub rosa".

Furthermore, with or without the board's admission to this policy of ignoring the Psychological Evaluations and making their own assessments

Ground 1 Supporting cases, rules: (continued)

of risk, remorse, and insight, it is still illegal (In re Ramirez, supra, at 572).

As the board violated its own rules, the penal code, and case law by IGNORING the expert opinion expressed in his Psychological Evaluations, and substituting their own unqualified opinion, thus denying Petitioner's Liberty Interest and violating his Due Process, the Superior Court's decision to deny this ground must be overturned by the Appellate Court.

//

Petitioner's second Ground was presented (Att. 'I' pp. 4-4e), as follows:

> THE BOARD'S FINDINGS THAT PETITIONER HAD TO ACCEPT RESPONSIBILITY [FOR] AND GAIN INSIGHT [IN]TO THEIR VERSION OF THE OFFENSE IS A VIOLATION OF PC § 5011 and CCR § 2236 AND THEREFORE AMOUNTS TO A VIOLATION OF DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

The court, in its DENIAL at page 3 paragraph c, rejects Petitioner's argument claiming that:

> A comparison of the events of the offense discussed in the transcript with the events of the crime established at trial, as described by the Court of Appeal's opinion in Petitioner's appeal, show that those two version [sic] of the events are the same. Petitioner's disagreement with the panel with respect to the circumstances of the offense was not because the panel's version differed from the actual events of the crime; it was because Petitioner attempted to distance himself from the actual events.

The point of contention between Petitioner and the panel was the accidental firing of the weapon. Petitioner did not deny that he took a loaded weapon to the scene of the crime. He stated he had it there for protection as he was afraid of the victim. The Trial/Sentencing Judge stated, in support of Petitioner's parole, "...he had every right to be afraid of [the victim] who was much younger, much larger, and known to be violent." (paraphrased, not an exact quote)

Ground 1 Supporting cases, rules: (continued)

The JURY did not determine that Petitioner INTENTIONALLY fired the weapon at the victim. The Appellate Court did not find that Petitioner INTENTIONALLY fired the weapon at the victim. ONLY the board has <u>DECIDED</u> that Petitioner INTENTIONALLY fired the weapon at the victim and has further decided that until and unless he AGREES with their interpretation of what happened, he can not be found suitable.

The Superior Court's support of this finding is indefensible. If anyone knows that law protects the Petitioner from having to admit to something he claims to be innocent of, it is the court. However, as argued in the previous point, the court rules to the contrary (Id):

> As for the claim that the panel's actions violated Penal Code § 5011 and Cal. Code Regs., § 2236, it is without merit. The panel did not insist that Petitioner admit any guilt that he was not willing to admit.

The board denied parole CLAIMING Petitioner did not have INSIGHT because he claims the weapon went off accidentally. In other words, they want him to ADMIT that he INTENTIONALLY fired the gun at the victim.

THEY <u>DEMAND AN ADMISSION OF GUILT</u> in violation of the law.

The experts in psychology and psychiatry testify that he has "GOOD INSIGHT" into the causative factors of the offense.

The members of the board are not qualified to diagnose Petitioner's mental health. That is the reason the Mental Health Department is tasked with making such an assessment FOR THE BOARD.

The board denied Petitioner his Liberty Interest and violated his Due Process rights by demanding that he ADMIT to INTENTIONALLY firing the weapon at the victim. The court's ruling in support of the board decision was an Unreasonable Determination in light of the facts presented and as such must be overturned by the Appellate Court.

Ground 1 Supporting cases, rules: (continued)

THE BOARD'S CONTINUAL USE OF UNCHANGING FACTORS SUCH AS THE GRAVITY OF THE OFFENSE AS THE PRIMARY REASON TO DENY PAROLE IS A VIOLATION OF PETITIONER'S LIBERTY INTEREST IN PAROLE AND DUE PROCESS RIGHTS AS PROTECTED BY THE FOURTEEN AMENDMENT TO THE UNITED STATES CONSTITUTION.

As both the other Grounds at issue in this parole denial have been shown to be contrary to the facts of the record and abuses of discretion and law, the ONLY remaining Ground, and the one the board claimed was their "Primary" reason to deny parole, is the offense itself.

Petitioner presented his argument addressing this reason for denial in Ground 1 of his Superior Court petition (Att. 'I' pp. 3-3c).

Germane to the argument is the board's insistence that Petitioner admit that he INTENTIONALLY fired the weapon at the victim. Implied within that insistence is that this was actually a First Degree Murder rather than the Second Degree of which Petitioner was convicted.

The board's determination that Petitioner committed a First Degree Murder by INTENTIONALLY shooting the victim, is a recharacterization of the offense as an offense carrying a more severe penalty.

The Superior Court claims that Petitioner's reliance on Biggs v. Terhune and In re Ramirez is misplaced. The court claims that:

> In <u>Ramirez</u>, the court said that, while the gravity of the commitment offense alone may be a sufficient basis for denying parole, the panel must nevertheless consider all other relevant factors. (<u>Ramirez, supra,</u> 94 Cal.App.4th at p. 569).

However, as presented in Att. 'I' p. 3a, in Ramirez, at page 570, the court held that parole could not be withheld absent a finding that the offense was "particularly egregious".

The board did not even ATTEMPT to show that Petitioner's offense is particularly egregious while relying on it "...the commitment offense alone, primarily,..." (Att. 'I', Exh. 'A' Hearing Transcript p. 71 l. 18-19),

3g

Ground 1 Supporting cases, rules: (continued)
to deny parole.

The court's failure to address this aspect of Ramirez undermines the argument that Ramirez does not support Petitioner's contention that the board denied him parole without evidentiary support.

Likewise, the court's claim that Biggs does not support Petitioner's claim is also flawed.

As presented in the petition, following Biggs there has been a progeny of cases, both state and federal, ruling that the offense alone is not enough to deny parole unless it is particularly egregious.

The board's "manufacturing" of Circumstances Tending to Show Unsuitability, as is the case here, in contradiction of the record, the Judge, Jury, Expert Witnesses, only serves to show that the <u>board</u> knows they need more than just "...the commitment offense alone, primarily,...", upon which to base their denial.

In the interest of expediency and clarity, Petitioner asks the Appellate Court to consider MARTIN v. MARSHAL ___ F.Supp.2d, No. C 05-03486, 2006 WL 1344584, (N.D. Cal. May 17, 2006)(Patel, J.) passim, for a legal presentation of the Biggs argument far beyond the capability of this pro se/pro per Petitioner.

//
//

7. **Ground 2** or **Ground** _____ (if applicable):

a. Supporting facts:

b. Supporting cases, rules, or other authority:

8. Did you appeal from the conviction, sentence, or commitment?  [XX] Yes.  [ ] No.   If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   **FIFTH APPELLATE DISTRICT COURT OF APPEAL**

   b. Result: **AFFIRMED**                                   c. Date of decision: **8/25/93**

   d. Case number or citation of opinion, if known: **F016858**

   e. Issues raised: (1) **Unknown**

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  [XX] Yes.  [ ] No.  If yes, state the attorney's name and address, if known:
      **Jim Fahey, P.O. Box 4926, Arcata, CA 95518-4926**

9. Did you seek review in the California Supreme Court?  [XX] Yes.  [ ] No.   If yes, give the following information:

   a. Result: **AFFIRMED**                                   b. Date of decision: **Unknown**

   c. Case number or citation of opinion, if known: **Unknown**

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    **N/A**

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
       **There are no Administrative Remedies available to Petitioner.**

    b. Did you seek the highest level of administrative review available?  [XX] Yes.  [ ] No.
       *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**                      Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result *(Attach order or explain why unavailable)*: _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes.  ☐ No. If yes, explain:

42 U.S.C § 2254 Petition: U.S.E.D. 05-CV-00889-AWI (LJO)

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: Aug 1, 2006

▶ *William C. Knight*
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]  **PETITION FOR WRIT OF HABEAS CORPUS**  Page six of six

## PRAYER FOR RELIEF

Petitioner, having presented what he humbly believes to be incontrovertible arguments, based in fact, hence a prima facie case therefore prays the Court:

1. Assume Jurisdiction of Petitioner's case.
2. Address this Petition in an Expedited manner.
3. Take Judicial Notice of the ATTACHMENTS and EXHIBITS contained herein.
4. Declare the rights of the Parties.
5. Issue an Order to Show Cause.
6. Order an Evidentiary Hearing
7. Appoint an attorney to represent Petitioner or provide funds in order that he may obtain counsel, or in the alternative,
8. Rule on the Merits of the case and,
9. Declare the Board of Parole Hearings INVALID due to the illegal composition according to PC § 5075(c) and their No Parole Policy.
10. Let the Court conduct a fair and impartial Parole Hearing for Petitioner.
11. Any other relief (either declaratory, injunctive or both), as the Court may deem necessary, reasonable, just and fair.

Dated: August __1__, 2006

*William Oldright*
WILLIAM OLDRIGHT
Petitioner, in pro per

7

DECLARATION OF SERVICE BY MAIL

I, MICHAEL A. WALKER, D-91638, declare: I am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am NOT a party to the within action. My residence address is P.O. Box 689, Soledad, California, 93960-0689.

On August __1__, 2006 I served the foregoing PETITION FOR WRIT OF HABEAS CORPUS on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Soledad, California, addressed as follows:

(Original + 4 copies)

FIFTH DISTRICT COURT OF APPEAL
2525 CAPITOL STREET
FRESNO, CA   93721-2227

(One Copy)

SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF KERN
1415 TRUXTUN AVENUE
BAKERSFIELD, CA        93301-4172

(One Copy)

DISTRICT ATTORNEY OF KERN COUNTY
1215 TRUXTUN AVE., Fl. 4
BAKERSFIELD, CA         93301

There is regular delivery service by the U.S. Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __1__ day of August, 2006, at Soledad, California.

*Michael A. Walker*
MICHAEL A. WALKER

8

ATTACHMENT 'I'

PETITION HC009327A

IN THE

Court of Appeal of the State of California

IN AND FOR THE

Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED
OCT 1 2 2006
LEISA V. ROGERS, CLERK/ADMINISTRATOR
By_____
　　　　　　　　　　　　Deputy

| In re | F050928 |
|---|---|
| WILLIAM OLDRIGHT, | |
| On Habeas Corpus. | |

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus," filed in this court on August 4, 2006, is denied.

_____/Harris/_____ Acting P.J.

*Before Harris, Acting P.J., Dawson, J., and Kane, J.