# EXHIBIT G

**ORIGINAL**

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

|  |  |
|---|---|
| In re      WILLIAM OLDRIGHT | Case No. **S147517** |
|  | Crim. Case ___SC046087A___ |
| On Habeas Corpus | Kern County Superior Court |
|  | Case No. HC009327A |

*" ORIGINAL "*

## PETITION FOR REVIEW

After Decision by the Court of Appeal,
Fifth Appellate District,
Filed August 4, 2006, Denied October 12, 2006.

SUPREME COURT
**F I L E D**

OCT 24 2006

Frederick K. Ohlrich Clerk

DEPUTY

WILLIAM OLDRIGHT, H14131
PETITIONER IN PRO SE
P.O. Box 689
Soledad, CA  93960-0689

TABLE OF CONTENTS

                                                                    Page

PETITION FOR REVIEW                                                  1

QUESTIONS PRESENTED                                                  2

NECESSITY FOR REVIEW                                                 2

ARGUMENT I

        THE BOARD'S CONTINUAL USE OF UNCHANGING FACTORS SUCH
        AS THE GRAVITY OF THE OFFENSE AS THE PRIMARY REASON TO
        DENY PAROLE IS A VIOLATION OF PETITIONER'S LIBERTY
        INTEREST IN PAROLE AND DUE PROCESS RIGHTS AS PROTECTED
        BY THE 5TH AND 14th AMENDMENT TO THE UNITED STATES
        CONSTITUTION IGNORING THE EVIDENCE OF HIS
        REHABILITATIVE PROGRAMMING AND CONTINUED EXEMPLARY
        TYPE BEHAVIOR WHILE IN PRISON.                              4

A.    Introduction                                                  4

B.    The Board's Decision to Deny Parole Was Not Supported
         by Evidence Having an Indicia of Reliability.              5

C.    The   Board   Demonstrates   Systematic   Bias   in   Their
         Decision making, by Denying Grants of Parole to
         90% of   Appearing   Inmates   Finding   Each   Denied
         Inmate's Crime to be Particularly Egregious.              7

ARGUMENT II

        THE BOARD'S FINDINGS THAT PETITIONER HAD TO ACCEPT
        RESPONSIBILITY [FOR] AND GAIN INSIGHT [INTO] THEIR
        VERSION OF THE OFFENSE IS A VIOLATION OF PC § 5011 AND
        CCR § 2236 AND THEREFORE AMOUNTS TO A VIOLATION OF DUE
        PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH
        AMENDMENTS TO THE U.S. CONSTITUTION.                       10

ARGUMENT III

        THE BOARD ROUTINELY IGNORES THE EXPERT OPINION OF THE
        DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND
        SUBSTITUTES THEIR OWN OPINION IN ASSESSING RISK,
        REMORSE AND INSIGHT IN VIOLATION OF THE DEPARTMENT
        OPERATIONS MANUAL § 62090.13 et. seq., WHICH VIOLATES
        DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS TO
        THE U.S. CONSTITUTION.                                     12

CONCLUSION                                                         16

TABLE OF AUTHORITIES

Cases:                                                                    Page

Biggs v. Terhune
      (9th Cir. 2003) 334 F.3d 910                    2, 3, 4, 5, 6, 7, 8


Blakely v. Washington
      (2004) ___ U.S. ___ 124 S.Ct. 2531, 159 L.Ed 403
      (DJDAR 7581)                                           2, 3, 8


Dunn v. U.S. Parole Com'n
      (10th Cir. 1987) 818 F.2d 742, 745


Greenholtz v. Nebraska Penal Inmates
      (1979) 442 U.S. 1                                         5


Hornung v. Superior Court
      (2000) 81 Cal.App.4th 1095


In re Ernest Smith
      (2003) 114 Cal.App.4th 343                               7


In re Hogan
      (1986) 187 Cal.App.3d 819


In re Mark Smith
      (2003) 109 Cal.App.4th 489                               3


In re Morrall
      (2002) 102 Cal.App.4th 280


In re Ramirez
      (2001) 94 Cal.App.4th 549                     2, 3, 6, 8, 9


In re Rosenkrantz
      (2002) 29 Cal.4th 616                       2, 3, 6, 7, 8, 9


In re Rosenkrantz
      (2000) 80 Cal.App.4th 409


In re Sena
      (2001) 115 Cal.Rptr.2d 22

TABLE OF AUTHORITIES
(Continued)

Cases:                                                                    <u>Page</u>

Jancsek v Oregon Board of Parole
    (9th Cir. 1987) 833 F.2d 1389                                      5

McQuillion v. Duncan
    (9th Cir. 2002) 306 F.3d 895                                        5

Obremski v. Maass                                                          8
    (9th Cir. 1990)

Sellars v. Procunier
    (9th Cir. 1981) 641 F.2d 1295

United States v. Paskow
    (9th Cir. 1981) 11 F.3d 873

<u>United States Constitution</u>:

5th and 14th Amendment                                                     3

<u>California Constitution</u>:

Article I, Section 15                                                      3

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

|  |  |
|---|---|
| In re    WILLIAM OLDRIGHT,<br><br>On Habeas Corpus | Case No. _____<br><br>Crim. Case ___ SC046087A<br><br>Kern County Superior Court<br>Case No. HC009327A |

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE
HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE
OF CALIFORNIA:

Petitioner WILLIAM OLDRIGHT petitions this court for review
following the decision of the Court of Appeal, Fifth Appellate
District, filed in that Court on August 4, 2006.  A copy of the
opinion of the Court of Appeal is attached hereto as Exhibit
"A".

### QUESTIONS PRESENTED

1.  Is the Board of Prison Terms violating Petitioner's State
    and Federal Due Process Rights when Parole Suitability
    determinations are not supported by "some evidence" having
    the necessary federally defined "indicia of reliability"
    and was the "some evidence" standard correctly applied in
    this case?

2.  Can the Board of Parole Hearings deny parole to a prisoner
    based on the gravity, i.e. seriousness, of their commitment
    offense after they have served a Penal Code §3041(a)/CCR
    Title 15 §2403 or §2282 uniform term equal to the gravity
    of their crime, when the prisoner has been disciplinary
    free for over 7 years, has participated in rehabilitation
    type programs while in prison, has an overall positive

1

prison program, no prior criminal conduct, and positive CDC
Counselor and Psychological Evaluations?

3.  Does the Board's seventeen year record of denying parole to
well over 90% of appearing inmates reflect both a
constitutional application of Penal Code §3041, subsections
(a) and (b), and conformity with this court's holding in In
re Rosenkrantz (2002) 20 Cal.4th 616, 683, that the Board
shall normally grant parole, or does it mathematically
reflect a systematic bias by the Board against granting
parole?

4.  Can the Board ignore the United States Supreme Court
mandates of Blakely v. Washington (2004) __U.S.__, 124
S.Ct. 2531, 159 L.Ed.2d 403, DJDAR 7581 and punish a
prisoner by redefining their offense as particularly
egregious and therefore including crime elements which
define it as one of a higher degree not found by a jury
without violating Petitioner's state and federal right to
due process?

## NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this
Court are necessary to secure uniformity of decision and to
settle important questions of law.  The need for uniformity of
decision is demonstrated by a comparison of this case with the
factually similar In re Ramirez (2002) 94 Cal.App.4th 549 and
Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, which and Blakely
v. Washington, supra, ___ U.S. ___ which resulted in court
findings opposite to that in Petitioner's case.  Petitioner
respectfully submits that viewing these cases together
demonstrates the lack of uniformity in application of the due

process standard and that the decision in the instant case conflicts with the recently announced Federal due process standard delineated in Biggs v. Terhune, supra, and Blakely v. Washington, supra. This case also provides this Court with an opportunity to refine the meaning of the "particularly egregious" standard found in In re Ramirez, supra and In re Rosenkrantz, supra, 29 Cal.4th, and to bring it and other standards such as liberty interest and some evidence into line with noted federal rulings.

Also, this case provides the Court with an opportunity to determine if by denying parole to over 90% of appearing inmates over the ten year period during which Petitioner appeared before the panels the Board is normally granting parole as required by In re Rosenkrantz, supra, 29 Cal.4th 683 and the California parole scheme, or does the Board's repeated denial of parole during that period to well over 90% of appearing inmates mathematically reflect their factual historical bias against parole depriving appearing inmates of the federally protected liberty interest.

Further, this case provides the Court with an opportunity to determine if the Board can base a decision to deny parole on prior [remote in time] behavior not reflected by a prisoner's current and directly long term history, precluding its use to deny parole in accordance with federal "some evidence" and due process standards.

In summary, Petitioner respectfully submits that in this case "some evidence" having the necessary state and federal indicia of reliability does not support each of the Board's findings as required by the United States Constitution, Fifth

3

and Fourteenth Amendments, the California Constitution, Article

I, Section 15, and numerous state and federal case rulings

including In re Mark Smith (2003) 109 Cal.App.4th 489, Biggs v.

Terhune supra, violating his State and Federal constitutional

right to Due Process.

## ARGUMENT I

THE BOARD'S CONTINUAL USE OF UNCHANGING FACTORS SUCH AS THE
GRAVITY OF THE OFFENSE AS THE PRIMARY REASON TO DENY PAROLE IS A
VIOLATION OF PETITIONER'S LIBERTY INTEREST IN PAROLE AND DUE
PROCESS RIGHTS AS PROTECTED BY THE 5TH AND 14th AMENDMENT TO THE
UNITED STATES CONSTITUTION IGNORING THE EVIDENCE OF HIS
REHABILITATIVE PROGRAMMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR
WHILE IN PRISON.

### A.   INTRODUCTION

On November 8, 2005, Petitioner appeared before the Board

of Prison Terms for the Third time for parole consideration and

was found unsuitable for parole based on unchanging factors, the

circumstances of his offense and his alleged lack of insight

into the circumstances of his offense.  He received a 1 year

parole denial. Petitioner filed a Petition for Writ of Habeas

Corpus in the SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY

OF KERN, Case Number HC009327A.  On June 14, 2006, the Court

denied Petitioner's Petition, concurring with the declarations

of the Board.  (See Exhibit "B")

In 1991 Petitioner was convicted of Second Degree murder.

Other than this unfortunate time, Petitioner has never

engaged in another violent or assaultive act either prior to his

commitment offense or while in prison.  He repeatedly expresses

regret and remorse for his act and the victim.  In addition,

Petitioner has been disciplinary free since 1999, has positive

CDC Psychological Evaluations and Correctional Counselor Life

4

Prisoner Evaluation Reports supporting his release, and he has a very positive work record

He also has solid parole plans, etc.  Ignoring these facts, the Board arbitrarily found him unsuitable for parole, denying him for a 1-year period.

B.  **The Board's Decision to Deny Parole Was Not Supported by "Some Evidence" Having and Indicia of Reliability**.

In Biggs v. Terhune, supra, at p. 914, a case with situational factors and a prison performance record analogous to this Petitioner's, the Court cited Greenholtz v. Nebraska Penal Inmates (1979) 442 U.S. 1, 7, and McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895, 903 and held that "[b]ecause the "California parole scheme [Penal Code §3041(b)] vests in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguards of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision, citing Jancsek v Oregon Board of Parole, (9th Cir. 1987) 833 F.2 1389.  The Biggs' Court then established standards for the California Parole Board to follow when assessing the facts before it during a parole consideration hearing, holding at pp. 916-917 that:

> "[While] the Parole Board's sole supporting reliance on the gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of parole can initially be justified as fulfilling the requirements set forth by state law [o]ver time, however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole."

> "A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation."

Biggs further held that when a prisoner such as Petitioner has behaved in a crime and disciplinary free manner over a long term, in Biggs' first degree murder case 13 years, a Board finding denying parole based on the prisoner having had a so-called escalating pattern of criminal conduct relying on their commitment offense, prior history would be devoid of evidence, since they have not recently committed a criminal act, and when a prisoner such as Petitioner has engaged in rehabilitation type programming such as self-help groups, educational and vocational courses, etc., and remained disciplinary free for an extended period as in this case, the Board can not deny parole based on those factors because the evidence demonstrates otherwise.  (Id. at pp. 916-917.)  Previously, the court in In re Rosenkrantz (2002) 80 Cal.App.4th, 409 at p. 426, citing Dunn v. U.S. Parole Com'n (10th 1978) 818 F.2d. 742, 745, held the Board cannot use a prisoner's prior behavior as a factor supporting an unacceptable parole release risk finding solely for punitive purpose when the evidence fails to show these events reflect his present state of mind.

Petitioner therefore respectfully submits that in accordance with these recently announced Federal due process standards, given his seven years of disciplinary free prison performance and his on-going positive programming, the gravity of his offense can no longer provide the some evidence needed to support a parole denial decision.  Therefore, the Board's finding in this case that the gravity of his offense from over fifteen (15) years past out weigh all of the positive factors of his imprisonment demonstrating his rehabilitation is contrary to the evidence which was before the Board, thus their findings and

6

decisions were without any reasoned factual basis, i.e. devoid

of evidence, and as a result arbitrary and capricious, depriving

Petitioner of his State and Federal right to Due Process.

C. The Board Mathematically Demonstrates Systematic Bias in
   Their Decision Making by Denying Grants of Parole to over 90%
   of Appearing Inmates, Finding Each Denied Inmate's <u>Crime to
   be Particularly Egregious</u>.

Petitioner respectfully submits that a review of the

available state government provided statistical data, which

can be obtained and provided if requested, will demonstrate

the Board routinely denies parole to well over 90% of

appearing inmates in violation of Penal Code §3041(a) as held

by this Court's ruling in <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th

at p. 683, and in violation of the Federal standard recently

announced in <u>Biggs v. Terhune</u>, <u>supra</u>, at pp. 916-917.

Further, Petitioner submits a review of case record history

will show that the Board carries out this routine denial of

parole by declaring each and every offense committed by the

90%+ of inmates denied parole as being "especially heinous,

atrocious, or cruel," i.e. particularly egregious, regardless

of offense circumstances of degree. It is <u>impossible</u> for over

90% of crimes committed which carry an indeterminate sentence

to be particularly egregious, especially if the offense's

circumstances correlate to those appearing on an applicable 15

CCR §2282 or §2403 Base Terms Matrix indicating the Penal Code

§3041(a) uniform and proportional term for the instant

offense. (See <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th at p. 683

holding the Board cannot ignore or override the requirement on

a case-by-case basis to set uniform proportional terms. Also

see <u>In re Ernest Smith</u>, (2003) 114 Cal.App.4th 343 holding

that in California parole is the rule, i.e. the norm, and not

the exception; and that only especially grave, i.e.

particularly egregious, crimes can be used to support a parole

denial decision.  See In re Rosenkrantz, supra, 29 Cal.4th 616

holding a "particularly egregious" second degree murder is one

with first degree murder elements not found by the jury, and

see Blakely v. Washington, supra, holding this type of finding

by a [quasi-judicial] sentencing [authority] is illegal.  (See

Hornung v. Superior Court (2000) 81 Cal.App.4th 1098, 1099,

citing Sellars v. Procunier (9th Cir. 1981) 641 F.2d 1295,

1304, holding "The [Board of Prison Terms'] commissioners

perform a quasi-judicial function when they decide to grant of

deny parole."  Also see Sellars v. Procunier, Ibid, holding

the parole board member [is] on impartial professional serving

essentially as the arm of the sentencing judge, and Obremski

v. Maass (9th Cir. 1990) 905 F.2d 281, 285, holding "[b]ecause

parole board officials perform tasks functionally comparable

to those performance by the judiciary, they owe the same duty

to render impartial decision in those cases," also cited in

Hornung, Id., at p. 1100.  See In re Sena (2001) 115

Cal.Rptr.2d 22, 25 holding, "[a] parole decision flows from

and relates to the sentence imposed[,]" citing United States

v. Paskow, (9th Cir. 1993) 11 F.3d. 873, 879.  See In re Sena,

Ibid.,, also holding "[a] petition for writ of habeas corpus

attacking parole denial is a challenge to the length of

sentence…"  See In re Hogan (1986) 187 Cal.App.3d. 819, 824,

holding "The Board in setting a parole release date[, i.e.

determining the length of sentence,] for an indeterminate

sentence performs the some function as does the trial court…"

See <u>Blakely v. Washington</u>, <u>supra</u>, at DJDAR 7582, holding "when a [sentencing] judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment[,]" precluding California's parole board's use of any factor not found by a jury when determining the length (continuation) of a prisoner's Penal Code §3041(b) punishment.  See <u>In re Morrall</u> (2002) 102 Cal.App.4th 280, 288-289, 292, holding the <u>punishment</u> for an indeterminately sentenced prisoner is the Penal Code §3041(a) / 15 CCR §2282 or §2403 uniform term specified for the type, degree, and circumstances of their crime.)

Petitioner further submits that in this case the Board effected their systematic parole denial result by "simply identifying 'some [factual] evidence' [from] the record to support each result," ignoring that in accordance with <u>In re Ramirez</u>, <u>supra</u>, at pp. 536-564, and <u>Biggs</u>, <u>supra</u>, at pp. 916-917, as the facts of this case do not and can not demonstrate that Petitioner is currently an unreasonable threat to public safety if released.  The Board clearly ignored the fact that the offense and victim circumstances of Petitioner's offense calls for a 15 CCR §2403(c), Matrix II-B base term of 17-18-19 years, while he has already served a year 20 term.  (15 actual years plus 5 credit years), 3 years past his uniform term and owed parole date.  Therefore Petitioner submits he did not receive a fair parole hearing at his third (2nd subsequent) Parole Consideration Hearing because the hearing was adjudicated pro forma as the results reflect the Board's mathematically demonstrated bias against granting parole, violating

9

Petitioner's state and federal right to due process under the
constitution of the United States, depriving him of his
federally protected liberty interest.

ARGUMENT II

THE BOARD'S FINDINGS THAT PETITIONER HAD TO
ACCEPT RESPONSIBILITY [FOR] AND GAIN INSIGHT
[INTO] THEIR VERSION OF THE OFFENSE IS A
VIOLATION OF PC § 5011 AND CCR § 2236 AND
THEREFORE AMOUNTS TO A VIOLATION OF DUE PROCESS
RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS
TO THE U.S. CONSTITUTION.

Petitioner has always accepted responsibility for the
actions he took that resulted in the death of the victim.
Petitioner has addressed his culpability and has good insight
into the causative factors underlying his actions.

The Panel at his previous hearing, claiming the
psychological evaluation prepared for that hearing was
insufficient, presented specific questions to the Mental Health
Department regarding Petitioner's acceptance and insight
(Decision pages of previous hearing attached as Exhibit 'C' p.
71, lines 24-26 to Superior Court habeas).

The EXPERT OPINION of the Doctors of the Mental Health
Department who administered the psychological evaluation attest
to Petitioner's acceptance, remorse, understanding and insight.
(See Exhibit 'B' of Superior Court habeas).

All of Petitioner's previous psychological evaluations have
reached the same conclusions, i.e., that Petitioner accepts
responsibility for his actions, is remorseful over the senseless
loss of life, understands and has good insight into the
causative factors underlying his actions.

10

The Board is M. KING their insistence that petitioner admit
to their version of what happened (even though it does not agree
with the record), behind their claim that he does not have
insight into the causative factors of his actions and accept
responsibility for the crime.

> Penal Code § 5011 states:
>
> The Board of Prison Terms shall not require, when
> setting parole dates, an admission of guilt to
> any crime for which the inmate was committed.
>
> CCR § 2236 states:
>
> The facts of the crime shall be discussed with
> the prisoner to assist in determining the extent
> of personal culpability. The Board shall not
> require an admission of guilt to any crime for
> which the prisoner was committed. A prisoner may
> refuse to discuss the facts of the crime in which
> instance a decision shall be made based on the
> other information available and the refusal shall
> not be held against the prisoner. Written
> material submitted by the prisoner under § 2249
> relating to personal culpability shall be
> considered.

In spite of these CLEAR and UNAMBIGUOUS statute and
regulatory instructions, the Board finds Petitioner unsuitable
for parole due to his version of what happened differing from
theirs:

> And you characterize it as if somehow out of a
> situation where you weren't angry, you were
> afraid of him, you were concerned about him but
> you weren't angry and you weren't aggressive,
> that somehow this gun went off and shot him. <u>That</u>
> <u>makes us feel like you need to gain a little more</u>
> <u>insight related to the offense.</u> (Hearing
> Decision, Exhibit 'A' of Superior Court habeas p.
> 72, lines 18-25 emphasis added)

The Board is obviously DEMANDING that Petitioner change his
description of the offense and adopt theirs. Just as clear is
the fact that KNOWING that it is illegal to require Petitioner
to admit guilt or agree with their version of the what happened,

of insight. Considering all the statements made by the Board
together the only conclusion that can be reached is that
Petitioner will never be found suitable as long as his version
differs from the Board's.

> This is a one-year denial and it is - It is due
> to the commitment offense alone, primarily, and
> the fact that we have some, we have some
> hesitation related to insight and what happened
> that day. (Id a p. 71, lines 7-18 emphasis added)

It appears that the Board believes they know more about
what happened that day than the Judge, Jury, Mental Health
EXPERTS, and the law does. And since they are all knowing, and
believe they are above the law, they have found Petitioner
unsuitable for lack of insight into the circumstances of THEIR
version.

## ARGUMENT III

THE BOARD ROUTINELY IGNORES THE EXPERT OPINION OF
THE DOCTORS OF THE MENTAL HEALTH DEPARTMENT AND
SUBSTITUTES THEIR OWN OPINION IN ASSESSING RISK,
REMORSE AND INSIGHT IN VIOLATION OF THE
DEPARTMENT OPERATIONS MANUAL § 62090.13 et. seq.,
WHICH VIOLATES DUE PROCESS RIGHTS UNDER THE 5TH
AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

Petitioner was evaluated by the Mental Health Department
Doctors in accordance with Regulations and the request of the
Board at his previous hearing.

The current evaluation prepared expressly at the request of
the Board, found him to be sincere, responsible, insightful and
an Excellent prospect for parole. In their EXPERT OPINION
Petitioner has no anger issues, needed no therapy or self help
and posed no more threat than the average citizen.

12

The commission .s, acting under the instru _ion of their supervisors, disregarded this EXPERT testimony and substituted their own unqualified opinion to find that Petitioner has "Anger Issues" and "Lacks Insight".

All of Petitioner's previous psychological evaluations have reached the same conclusions, i.e., that Petitioner accepts responsibility for his actions, is remorseful over the senseless loss of life, understands and has good insight into the causative factors underlying his actions.

In November of 2005, the Board started handing out notices to prisoners attending board hearings that effective then, the Board would no longer consider Psychological Evaluations but will make such decisions on their own. (See Exhibit 'D' of Superior Court habeas)

In a memorandum issued January 26, 2006, by DENNIS KENNEALY, Executive Director, Board of Parole Hearings, this policy was made the "Official" position of the Board. (Id)

The memorandum, at the last sentence of the first paragraph of page 1 states: "This policy is in effect notwithstanding Department of Corrections and Rehabilitation Operations Manual section 62090.13."

The Department Operations Manual (DOM) section 62090.13 et seq., provides a description of, and instructions for preparing, Psychological Evaluations [of] Life Prisoners as well as who may make such evaluations and the qualifications of persons tasked to do so. (See Exhibit 'E' of Superior Court habeas for relevant pages of the DOM).

13

Germane to the instant situation is the final paragraph §
62090.13.2 entitled 'Parole and Release' which specifically
requires a threat assessment [for a prisoner] outside a
controlled setting. DOM § 62090.14.1 'Procedures' provides for
an evaluation by a person other than a psychologist of
psychiatrist and lists the minimum requirements the person
preparing the evaluation must have.

Even a cursory glance of the biographies of the Board
members (Exhibit 'F' Superior Court habeas), clearly shows that
not a single person on the Board is remotely qualified to make
such an assessment.

According to PC § 5075(c) the Composition of the Board
"shall reflect as nearly as possible a cross section of the
racial, sexual, economic, and geographical features of the
population of the state." While Petitioner is not in possession
of the data from the last census in California, he does not
believe that the state population is anywhere near 7 law
enforcement personnel for every 10 citizens.

In re Rosenkrantz, 80 Cal.App.4th 409, 424 states:

Subdivision (b) of section 2402 directs the panel
to consider [a]ll relevant, reliable information
available to it, including...any other
information which bears on the prisoner's
suitability for release. (cf. In re Morrall 102
Cal.App.4th 280)

Biggs v. Terhune 334 F.3d 901 states in relevant part:

[T]he record in this case and the transcript of
Biggs' hearing before the Board clearly show that
many of the conclusions and factors relied on by
the Board were devoid of evidentiary basis...

14

The board must  onsider...psychological pɪ ile
as a factor for a parole date. (<u>In re Ramirez</u> 94
Cal.App.4th 549, 572)

Petitioner submits that the Board's findings of lack of
insight, anger issues, lack of remorse, minimizing or not
accepting responsibility, are mere "make-weight
rationalization[s] for "predetermined conclusions in search of
justification." (<u>In re Caswell</u> (2001) 92 Cal.App.4th 1017, 1030),
and are therefore multiple arbitrary and capricious decisions
rising to the level of due process violations under the U.S.
Constitution Amendment XIV. (<u>CEJA v. STEWART</u> (9th Cir. 1996) 97
F.3d 1246: "<u>Multiple Errors</u>, even if harmless individually, may
entitle petitioner to habeas relief if their accumulative effect
prejudiced defendant."

Petitioner acknowledges that the Board has "Broad
Discretion" in making their decisions in parole matters;
however, it has become crystal clear that they are REPEATEDLY
AND INTENTIONALLY abusing that discretion n their continuance of
a "No Parole Policy" for political and financial gain.

15

CONCLUSION

For these reasons, Petitioner respectfully submits that this Court grant review to bring up to date the Board's practices such that they conform with the guidance provided in In re Ramirez, supra, In re Rosenkrantz, supra, 29 Cal.4th 616 at p. 683 and conform with current federal standards, so as to insure uniformity of decision making in the lower courts on issues frequently litigated, and to settle questions so important that they impact directly upon the right of a person such as Petitioner to due process of law under the state and federal constitutions and impact his federally protected liberty interest.

Dated: *October 7, 2006* .

Respectfully submitted,    *William Oldright*

William Oldright,
In pro Se
P.O. Box 689
Soledad, California 93960-0689

16

IN THE

# Court of Appeal of the State of California

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

IN AND FOR THE

OCT 1 2 2006

# Fifth Appellate District

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

In re                                                    F050928

    WILLIAM OLDRIGHT,

        On Habeas Corpus.

BY THE COURT*:

    The "Petition For Writ Of Habeas Corpus," filed in this court on August 4, 2006, is denied.

_____ Acting P.J.

*Before Harris, Acting P.J., Dawson, J., and Kane, J.

Court of Appeal, Fifth Appellate District - No. F050928
S147517

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
RECEIVED

JAN 1 1 2007

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re WILLIAM OLDRIGHT on Habeas Corpus

Petition for review DENIED.

Corrigan, J., was absent and did not participate.

SUPREME COURT
FILED

JAN - 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

_____
Chief Justice

W 3