# EXHIBIT H

*MENTAL HEALTH EVALUATION FOR THE BOARD OF PRISON TERMS*
*(REVISED AUGUST 1998)*
*PAROLE CONSIDERATION HEARING*
*NOVEMBER 2005 LIFER CALENDAR*

CORRECTIONAL TRAINING FACILITY, SOLEDAD
SEPTEMBER 20, 2005

BW 104

NAME: OLDWRIGHT, WILLIAM
CDC #: H-14131
DOB: 07/31/37
AGE: 68
OFFENSE: Penal Code 187, Murder, Second Degree
SENTENCE: 15 years to life
COUNTY: Kern County
DATE OF OFFENSE: 04/14/91
MEPD: 03/29/03
EVALUATION DATE: 09/20/05

## PSYCHOSOCIAL ASSESSMENT

I.  **IDENTIFYING INFORMATION:**

Inmate William Oldwright is a first-term, Caucasian, widowed male from Kern County who is 68 years of age. He has completed 14 years in custody. He is an active and involved Christian.

Inmate Oldwright received a parole date at his initial hearing. This parole was reversed on 09/11/02 by Governor Gray Davis. The Board of Prison Terms' Panel that met on 04/05/04 requested a new psychological evaluation to specifically address the issues that were raised in the Governor's reversal letter.

**SOURCES OF INFORMATION:**

This evaluation is based upon a single, two-hour evaluation, plus review of the Central file and medical file.

The previous psychological evaluation, dated 12/13/01, by Dr. Howlin, psychologist at CTF, is still current and valid. The psychosocial assessment done at that time is still valid. As a result, that information will not be repeated in this report.

*OLDWRIGHT         H-14131         CTF-CENTRAL         09/20/05         gmj*

OLDWRIGHT, WILLIAM
CDC NUMBER: H-14131
BPT MENTAL HEALTH EVALUATION
PAGE TWO

### CLINICAL ASSESSMENT

XII. **CURRENT MENTAL STATUS/TREATMENT NEEDS:**

Inmate Oldwright is now 68 years of age. He is an active, energetic, pleasant individual. His hygiene and grooming were good. He was alert and well oriented. His thinking was rational, logical, and coherent. His speech was normal, fluent, and goal-oriented. His affect was appropriate. There was no evidence of anxiety or depression. There were no signs of thought disorder, cognitive impairment, or other mental or emotional problems. He is functioning in the high normal range intellectually. His judgment was sound. His insight and self-awareness was good. His attitude was friendly, outgoing, cheerful, and cooperative. There was no indication of hostility or resentment. There was no evidence of antisocial thinking or values.

This inmate does not have a history of drug or alcohol problems. He has been a Christian throughout his lifetime. He has adopted values of abstinence. This is not an issue at all in this case.

In order to determine his level of functioning, the Level of Service Inventory, Revised, was administered. This inventory evaluates the criminal history, educational achievement, history of employment, alcohol and drug history, emotional stability, and other factors to assess his readiness for parole, and the risk level he poses. His score placed him at the 0.2 Accumulative Frequency of Prison Inmates. This is an extremely low risk level. This score indicates that he will do well on parole, and that he does not pose a risk to society.

The last psychologist indicated the possibility of Attention Deficit Hyperactivity Disorder to be ruled out. Inmate Oldwright is very active and he has a lot of energy. This is seen in his very impressive history of vocational achievement in the community prior to his arrest. He has started in running his own businesses, several of them at one time. This describes a person who is a high achiever, rather than a person who has attention deficit hyperactivity disorder problems. There is no evidence of any mental or emotional problems in this case if that would warrant a diagnostic impression.

### CURRENT DIAGNOSTIC IMPRESSIONS (DSM-IV):

AXIS I:     No contributory clinical disorder.
AXIS II:    No contributory personality disorder.
AXIS III:   No contributory physical disorder.
AXIS IV:    Life-term incarceration.
AXIS V:     Current GAF = 90.

OLDWRIGHT        H-14131        CTF-CENTRAL        09/20/05        gmj

OLDWRIGHT, WILLIAM
CDC NUMBER: H-14131
BPT MENTAL HEALTH EVALUATION
PAGE THREE

## XIII. REVIEW OF LIFE CRIME:

In addressing the issues raised by Governor Davis in his decision of inmate Oldwright's parole date, on page two, the Governor describes the commitment offense, and states that it constitutes cruel and irrational violence against a particularly vulnerable individual. What is not addressed is the fact that the file shows extensive documentation in the 156-page response from the Fifth Appellate District, which shows that the victim had a lengthy history of explosive behavior towards others. This document describes how he attacked his first stepfather with an axe. The victim had an extensive history of use of PCP, and at the time of the murder, he was found to be under the influence of PCP and cocaine. He also had a frontal lobe disorder that contributed to this explosive behavior. When this brain damage is mixed with drug use, such as PCP, the person can be extremely dangerous. Inmate Oldwright was very aware of his stepson's behavioral problems, drug use, and erratic behavior. As a result, he took a gun along with him, held it up in the air, showing that he was armed, in an effort to prevent the victim from attacking him. He is extremely remorseful over the fact that he failed to put the safety on this weapon, and that the weapon was cocked at the time. Inmate Oldwright's description of his behavior at the time of this offense is not an attempt to diminish his responsibility or his guilt. He accepts full responsibility for this offense. He stated he did not intend to shoot the gun, but it did go off, and he is extremely remorseful. He openly stated that if he had not been there, if he had not had a gun, if he had not failed to keep the safety on, the victim would still be alive, and he would not be responsible for the victim's death. His feelings of sorrow and remorse about this offense do appear to be sincere and genuine. Whereas the Governor stated that inmate Oldwright is using his description of the commitment offense as minimization of his responsibility in the offense, inmate Oldwright does not minimize his responsibility in causing this offense.

The Governor mentioned a 1999, CDC-115 violation for conduct conducive to violence. The way that this 115 report was written, it portrays inmate Oldwright as violently throwing his under-shorts at the officer after he had failed to follow proper procedures during a clothing search. This would suggest that inmate Oldwright has a problem with anger management. Inmate Oldwright stated that, after stripping off all of his clothes, he would usually carry his under-shorts in his hand so that, once past the metal detector, he could put them back on. He would shake them in front of the officer, showing that there is nothing hidden in his under-shorts. There was a new officer on duty that day that was not familiar with how this was usually done. He did not accept inmate Oldwright's walking past and shaking his under-shorts to show that there was nothing in them, but demanded that he return them. Inmate Oldwright stated that he tossed the under-shorts to the desk in front of the officer. He had absolutely no intent to throw them at the officer. He felt no anger or resentment at the time. Inmate Oldwright lives in a hostile environment. Opportunities for display of anger, confrontation

OLDWRIGHT, WILLIAM
CDC NUMBER: H-14131
BPT MENTAL HEALTH EVALUATION
PAGE FOUR

with inmates, misunderstandings are a common, daily occurrence in this environment. Inmate Oldwright has shown remarkable self-control, patience, and cooperation, as evidenced by his lack of serious disciplinaries. When on interviewed on this date, there is no evidence that he is short-tempered, hostile, angry, or has any anger management problems. He impresses as a very gentle, mild-mannered, patient, caring, and loving person.

The Governor stated that inmate Oldwright has not participated in psychiatric, individual or group therapy, or any other self-help in prison. At CTF, there are very few programs available of this nature for inmates. Inmate Oldwright is not a member of the Mental Health Services Program because he does not have a serious mental illness. As a result, he can only participate in the few activities that occasionally appear at this institution. He has been participating in self-help programs. He has completed the Impact Program, which he enjoyed very much, and described in very favorable terms. He has completed Dr. Gordon's Family Therapy program. He has completed Dr. Carswell's book reports, which is a self-study program. He has participated in the Protestant Chapel Anger Management courses. He also has participated in the Protestant Chapel Bible Studies. In addition, he attends Dr. Reed's Veterans' Groups on a regular basis. Since inmate Oldwright is not an aggressive, hostile, or dangerous individual, he does not need to attend any further self-help programs. He does not need to participate in individual psychotherapy or group psychotherapy. He does have good understanding or insight into his role in the commitment offense. He also has serious, deep remorse.

XIV. ASSESSMENT OF DANGEROUSNESS:

A. In considering his potential for dangerous behavior in the institutional environment, it is evident that inmate Oldwright does not pose a risk to other inmates or staff. This is evidenced by his lack of serious disciplinaries. He has never been involved in inmate riots, possession of weapons, assaults on others, or use of illegal substances. In comparison to other inmates, his violence potential is definitely below average.

B. In considering this inmate's potential for dangerous behavior if released to the community on parole, I agree with the prior psychologist, who indicated that his violence potential is seen as being no more than the average citizen in the community. This is supported by the level of service inventory that was administered that gives him a score of 0.2 risk level in comparison to other prison inmates.

C. Inmate Oldwright does not have a drug or alcohol abuse history. He does not have a history of criminal behavior. There are no risk factors in this case.

OLDWRIGHT, WILLIAM
CDC NUMBER: H-14131
BPT MENTAL HEALTH EVALUATION
PAGE FIVE

XV. **CLINICIAN OBSERVATIONS/COMMENTS/RECOMMENDATIONS:**

There are no mental or emotional problems in this case that would interfere with granting parole. Inmate Oldwright's history as a high achieving, productive, responsible, law-abiding citizen in the community is commendable. He has numerous vocational skills that will enable him to support himself as soon as he is released. He is a skilled plumber, carpenter, landscaper, etc. He was self-employed prior to the commitment offense, and was doing very well financially. He also has strong family support in the community, which is a good sign of successful adjustment on parole. He has employment offers, as well as residence offers. The prognosis for successful adjustment in the community is excellent.


Melvin Macomber, Ph.D.
Licensed Psychologist
Correctional Training Facility, Soledad


B. Zika, Ph.D.
Senior Supervising Psychologist
Correctional Training Facility, Soledad

MM/gmj

D: 09/20/05
T: 09/21/05

D:\Word Files\BPT-2005\OLDWRIGHT H-14131 11-05 MACOMBER.doc