IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. OLDRIGHT,                ) | No. C 07-3231 MMC (PR) |
| )                                                      Petitioner,                ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v.                                                      ) | |
| B. CURRY, Warden,                           ) | |
| )                                                      Respondent.              ) | |
| _____) | |

On June 19, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2005 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Respondent filed an answer to the petition and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 (U.S. Jan. 24, 2011), which

opinion clarifies the constitutionally required standard of review applicable to the claims raised herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1991, in the Superior Court of Kern County ("Superior Court"), a jury found petitioner guilty of second degree murder and found the allegation of use of a firearm to be true. Petitioner was sentenced to a term of eighteen years to life in state prison. The judgment of conviction was affirmed on appeal, and the California Supreme Court denied review.

Petitioner's third parole suitability hearing, which is the subject of the instant petition, was held on November 8, 2005. At the conclusion of the hearing, the Board, after discussing the facts of the commitment offense with petitioner, reviewing his mental health reports as well as social and criminal history, and evaluating his progress while incarcerated, found petitioner was not yet suitable for parole and would pose a current unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. C.)[1]

After he was denied parole, petitioner filed a petition for a writ of habeas corpus in the Superior Court, challenging the Board's decision. In an opinion issued June 14, 2006, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to reach its decision. (Ex. E.) Thereafter, the California Court of Appeal summarily denied petitioner habeas relief, and the California Supreme Court denied review. (Exs. F & G)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process because the decision to deny parole was not supported by some evidence that petitioner poses a current danger to society if released, and the Board misapplied applicable state parole regulations when

---

[1] All references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

weighing the evidence on which it relied to reach its decision.

## DISCUSSION

A.  Standard of Review

A federal district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, the state appellate courts summarily denied petitioner relief. Thus, the Superior Court was the highest state court to address the merits of petitioner's claim in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.  Petitioner's Claims

Under California law, prisoners serving indeterminate life sentences, like petitioner herein, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by

3

1  state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR
2  § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant
3  inquiry is whether "some evidence" supports the decision of the Board that the inmate poses
4  a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

5  As noted, petitioner claims the Board did not provide him with a hearing that met the
6  requirements of federal due process because the decision to deny parole was not supported by
7  some evidence that petitioner poses a current danger to society if released, and the Board
8  misapplied applicable state parole regulations when weighing the evidence on which it relied
9  to reach its decision.

10  Federal habeas corpus relief is unavailable for an error of state law. Swarthout v.
11  Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 at *2 (U.S. Jan. 24, 2011). Under certain
12  circumstances, however, state law may create a liberty or property interest that is entitled to
13  the protections of federal due process. In particular, while there is "no constitutional or
14  inherent right of a convicted person to be conditionally released before the expiration of a
15  valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7
16  (1979), a state's statutory parole scheme, if it uses mandatory language, may create a
17  presumption that parole release will be granted when, or unless, certain designated findings
18  are made, and thereby give rise to a constitutionally protected liberty interest. See id. at
19  11-12. The Ninth Circuit has determined that California law creates such a liberty interest in
20  release on parole. Cooke, 2011 WL 197627 at *2.

21  When a state creates a liberty interest, the Due Process Clause requires fair procedures
22  for its vindication, and federal courts will review the application of those constitutionally
23  required procedures. Id. In the context of parole, the procedures necessary to vindicate such
24  interest are minimal: a prisoner receives adequate process when "he [is] allowed an
25  opportunity to be heard and [is] provided a statement of the reasons why parole was denied."
26  Id. "The Constitution does not require more." Id.

27  Here, the record shows petitioner received at least the process found by the Supreme
28  Court to be adequate in Cooke. See id. (finding process adequate where petitioners "were

4

allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Specifically, the record shows that petitioner was represented by counsel at the hearing (Ex. C at 2), that the Board afforded petitioner and his counsel time to review documents relevant to petitioner's case (Ex. C at 5), that petitioner discussed with the Board the details of the commitment offense and other factors considered by the Board (Ex. C at 11-46, 54-65), that both petitioner and his counsel spoke at the hearing and advocated petitioner's release (Ex. C at 65-70), and that petitioner received a thorough explanation as to why the Board denied parole (Ex. C at 71-75).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 2011 WL at *3. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds the state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, the petition for a writ of habeas corpus will be denied.

C.  Certificate of Appealability

A certificate of appealability will be denied as to each of petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has neither made "a substantial showing of the

5

denial of a constitutional right," <u>Hayward v. Marshall</u>, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claim is "debatable among reasonable jurists." <u>Id.</u> at 555.

## **CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: February 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge